## CLARK v KOHLMEYER

Ohio Appeals, 9th Dist, Lorain Co
No 505. Decided Nov 20, 1929

G. A. Resek and Meyer Gordon, both of Lorain, for Clark.

D. A. Cook, Lorain for Kohlmeyer.

**PARDEE, J.**

Under the first ground of error, complaint is made as to a question asked by defendants of Dr. Pitzele, one of the plaintiff's witnesses, and which he was permitted to answer, over the objection and exception of the plaintiff, concerning the cause of death of said decedent.

Although the plaintiff was not seeking damages for wrongful death, it was competent for the defendants to show, under the circumstances, that the decedent's death was not caused by the injuries received at the time of the accident, as this testimony would have some bearing upon the extent of the decedent's injuries; but if this testimony should be considered incompetent and its admission erroneous, it could not be considered prejudicial error when all of the testimony of the doctor is considered.

Other errors alleged which relate to the testimony given by the two defendants Cornelius Kohlmeyer and Adolph Kohlmeyer, refer to conversations which they are alleged to have had with certain representatives of said secret order at the time the lodge room was leased to it. These con—

'versations occured before the death of said decedent, and the plaintiff claims that the admission of said evidence was contrary to the rules established by 11495 GC.

These two defendants were placed upon the witness stand by the defendants, without objection of the plaintiff and the errors complained of relate only to three or four questions, which the defendants were permitted to answer over the objections and exceptions of the plaintiff. The overruling of these objections was erroneous; but inasmuch as the subject of the questions which were allowed to be answered and about which complaint is made, was fully covered by questions asked and answers given by two other witnesses who were representatives of said order at the time the lease was made, we do not see how this error was prejudicial—the testimony of the defendants being merely cumulative and the subject being otherwise fully covered by two disinterested witnesses.

The next ground of error alleged by the plaintiff relates to the special requests to charge before argument—being four in number, three of which were refused.

Each of the three requests left out of consideration the element of contributory neglgience of the said decedent, which was one of the defenses relied upon by the defendants. The omission of this element in each one of said charges made the same erroneous, and if they had been given as requested and a verdict for the plaintiff had been returned and a judgment entered thereon, the giving of said requests would have constituted prejudicial error and would have required a reversal of such judgment.

The next alleged error relates to the general charge of the court.

It was conceded at the trial that the stairway leading from the second to the third floor of the Kohlmeyer block was not equipped with a hand rail, as required by the laws of this state.

It was also claimed by the plaintiff that the failure of the defendants to keep the stairway properly lighted on the night in question was negligence. In our opinion it was fully established by the evidence that the stairway was not lighted, and it is conceded that there is no state law or municipal ordinance requiring the defendants to keep it so lighted, and we are of the opinion that the lease made by the Kohlmeyers did not require them to do so, but did require them to keep the stairway properly equipped so that said tenant could light said hallway on the night in question by simply turning on the light; and it is admitted that there was proper electrical equipment in said stairway but that there was no light bulb in the socket above the stairs where and when decedent fell, although the contract of lease required the defendants to keep one there.

Upon this state of the record the court charged the jury, in part, as follows, to wit:

"But I say to you further, that where the landlord retains in his possession and control the common halls and passage ways and the lighting thereof, the law imposes a duty, which may rest wholly upon implication or may be defined and specified by the terms of the contract of letting, to keep them in the same condition and lighted as they were or appeared to be at the commencement of the tenancy."

The error in the above quotation from the charge is two-fold:

In the first place, the duty of the defendants as to the hand rail and their duty as to lighting the hallway, are so intermingled in said charge as to permit the jury to find that there was no duty as to the hand rail if there was no hand rail at the commencement of the tenancy. The duty to equip the stairway with a hand rail was a continuing one, imposed by statute, and existed regardless of whether there was a hand rail at the commencement of the tenancy or not; and as it was admitted that that duty was not performed, such failure was negligence, and the defendants were liable if the failure to perform that duty was the proximate cause of decedent's injuries and she was not guilty of contributory negligence.

In the second place, the defendants admitted that they retained possession and control of the hallway and that they agreed at the time the premises were leased to equip the hallway so that the tenant could light the stairway by turning on the electric light; the duty of the defendants as to lights being thus definitely fixed, it was confusing and misleading to charge that "a tenant commonly takes premises as he finds them" and the landlord's duty is "to keep them in the same condition and lighted as they were or appeared to be at the commencement of the tenancy."

The defendants agreed to equip the hallway so that the tenant could light the stairway by turning on the electric light and whether they performed that duty should have been submitted to the jury as a

separate claim of negligence. The defendants claimed that they performed that duty and that shortly before the accident the equipment was in working order and that they were not responsible for the removal of the electric light bulb, and were in no way negligent in reference thereto. That presented a question for the jury to determine as to whether they did equip the hallway as they agreed, and whether they used ordinary care in maintaining such equipment.

As has been said, it was admitted that the defendants did not equip the stairway leading from the second to the third floor of said block with a hand rail, as required by law, and the court said that this was negligence per se and that the defendants would be liable in damages to the plaintiff if this negligence was the proximate cause of her injuries and she was free from negligence. Notwithstanding the court had so charged the jury, the court further charged the jury as follows:

> "If you do not find the defendants guilty of negligence in either one of the specifications of negligence as charged, the case is ended and your verdict should be returned forthwith for the defendants."

By this instruction, the court specifically submitted to the jury the determination of the question whether the defendants were guilty of negligence in not maintaining a hand rail, which fact as a matter of law made them negligent, and the court in another part of the charge had so said. (See **101 Oh St 282**, at p. 289.)

Thsi was error, and taken in connection with the other errors hereinbefore specified, made said errors prejudicial and requires a reversal of the judgment.

We call attention to another part of the charge, so that we may not by our silence appear to approve it, to wit:

> "I say to you the violation by the defendants of this section of the General Code of Ohio is per se negligence, that is, negligence in itself, and would constitute prima facie liability; but this, of course, is not conclusive. * * *
>
> "I have used the term 'prima facie liability.' I say to you prima facie liability must be established by evidence of such facts and circumstances as in the judgment of the law are sufficient to establish the ultimate fact, and if such evidence is not rebutted, it remains sufficient for that purpose."

The violation of said statute did not constitute either prima facie or conclusive "liability." It did, however, conclusively establish negligence, but would not, in the ordinary negligence case, in the absence of other evidence create liability.

Another claim of the plaintiff is that the verdict of the jury is manifestly against the weight of the evidence.

In view of the conclusion which we have reached as hereinbefore indicated, it is not necessary for us to consider and pass upon this alleged ground of error.

Funk, PJ, and Washburn, J, concur.