### CEBULEK v TISONE

Ohio Appeals, 7th Dist, Mahoning Co

No 2478. Decided Nov 2, 1938

Morris Mendelssohn, Youngstown, for plaintiff-appellee.

Wm. E. Pfau, Youngstown, and James C. Vitullo, Youngstown, for defendant-appellant.

## OPINION

By CARTER, J.

This cause comes into this court on an appeal on questions of law. The action below was one for personal injuries claimed to have been received by the appellee when she fell down a stairway leading to the basement of a building. The cause came on for trial to the court and jury, resulting in a verdict in favor of appellee in the amount of one thousand dollars. Motion for new trial filed, overruled and judgment rendered on the verdict.

Savino Tisone was the original defendant. Prior to the cause coming for trial he died and Joseph Tisone, administrator, was substituted for party defendant. Savino Tisone was operating what is known as a beer parlor and lunch counter, located in the City of Youngstown. On November 7, 1935, at about the hour of ten-thirty P. M., appellee, accompanied by a lady friend, visited the place as a patron, ordered some refreshments and then proceeded to go to the ladies' rest room, located in the basement of the building in question. She testifies that she opened the door leading to the basement, and claims she caught the toe of her left shoe and was precipitated to the basement below, resulting in her alleged injuries and damages.

The errors urged are:

1st. That the trial court erred in permitting counsel for the plaintiff below to amend the petition in this case in the Common Pleas Court to allege a violation of the so-called hand-rail statute, and error of the trial court in charging the jury in his general charge with reference to such section

2nd. Error on the part of the trial court in refusing to grant a new trial on the ground of newly discovered evidence.

3rd. Error on the part of the trial court in refusing to sustain the motion of defendant below made at the close of plaintiff's evidence and renewed at the close of all the evidence, (a) on the apparent showing of contributory negligence on the part of

plaintiff below, (b) on the failure to show any negligence on the part of the defendant.

As to the first error urged, to-wit, the permitting of the amendment of appellee's petition during trial to allege therein a violation of what is known as the handrail statute, being §1006, GC, during the trial it developed from the evidence that the stairway in question was not provided with a handrail, and a motion was made to amend the petition to include same. This was permitted by the court, over objection of appellant. The record discloses no objection on the ground that appellant was taken by surprise and by reason thereof was unable to proceed further; in fact, appellant could hardly be surprised that there was no handrail located on this stairway. Surely appellant had knowledge of this fact. The rule appears to be that amendments are, under the Code, liberally permitted and rest largely in the sound discretion of the trial court, and unless an abuse of discretion is shown the higher courts will not interfere with that discretion. In support of this conclusion citation of authorities is unnecessary. See §11363 GC.

As heretofore stated, the evidence disclosed that there was no handrail. When this fact developed this motion was made to amend. There was no abuse or discretion on the part of the trial court in permitting this amendment. However, it is urged that the court was in error in permitting the amendment as the statute in question was not applicable. We have spent some considerable time in an attempt to construe this statute, and have come to the conclusion that it is applicable and that the court was not in error when permission was given to amend by inserting a violation thereof.

Sec 1006 GC provides, in part, that all public buildings and other rooms or places of public resort or use, whether for the transaction of business or social enjoyment, the owners, lessees, managers or proprietors, etc , shall provide and maintain for all stairs or stairways for ingress or egress, a substantial handrail extending from the top to the bottom thereof, and firmly fastened to the wall or other support or partition at the side of such stairs. It is urged that ingress and egress has reference only to entry and exit to the buildings and rooms referred to, and has no application to stairways connecting rooms on the inside of the building. However, the statute provides that owners, etc., of all public buildings and other rooms or places of public resort, shall provide and maintain for all stairs or stairways for ingress and egress, a handrail. Certainly the restaurant and beer parlor constituted a room, and the basement of the building wherein the restroom was located, could properly be classed as a room or at least a place of public resort. We are of the view that ingress and egress does not refer solely to the entry to or exit from a building or room or rooms from the outside. We find no case directly in point. However, there are cases which indicate the view as herein expressed. See McGoldrich v Kuebler, 36 Oh Ap 380; Clark v Kahlmeyer, 9 Abs 237.

Webster defines stair as:

"Any one step of a series for ascent or descent to a different level, usually within a building",

and defines stairway as
"A way up and down a staircase."

We are of opinion that this statute is applicable to the situation presented.

It is also urged that the court erred when he charged the jury in his general charge with reference to this section. In view of the above holding, there was no error in the court's charge in this regard.

It is also urged that the court erred in refusing to sustain the motion of defendant made at the close of all the evidence (a) that plaintiff was guilty of contributory negligence, and (b) failure to show any negligence on the part of the defendant. As to the error urged under sub-section (b), holding as we do relative to the handrail statute being applicable, of course the motion on this ground should have been overruled, even though nothing further appeared regarding the negligence of defendant; (a) with reference to the claimed contributory negligence on the part of the plaintiff, the evidence discloses that appellee had not attempted to go down the stairs prior to this particular time. It is claimed in the petition of appellee that the steps, and in particular the one on which plaintiff stumbled and fell, being the top step, was in disrepair and the evidence is to that effect, that the step was uneven, depressed and the end chipped off.

It is true that some courts have held that stepping into a dark place without knowledge of surrounding conditions constitutes

negligence that will preclude a recovery. To this effect see **National Refining Company v Strichmaker, 49 Oh Ap 467**, where the court holds:

"Where a customer at a lunchroom goes into a strange place in search of a toilet, opens a closed and unmarked door, stands on the threshold, reaches into empty space and utter darkness and gropes around until she falls down a flight of steps, in which no defect is claimed to exist, reasonable minds could come to but one conclusion, that she was contributorily negligent, thus requiring a directed verdict for defendant in her action for personal injuries against the proprietor of the lunch room."

It is to be observed that the court made this exception "in which no defect is claimed to exist in the steps." In the case at bar there is a claimed defect in the steps, and according to the claims of plaintiff, and the testimony, she caught her shoe in this defective step and fell, rather than the fall being brought about by stepping off into complete darkness.

In the case of **Flury v Century Publishing House, 118 Oh St page 154**, the court had before it a case wherein the plaintiff opened a door and stepped forward into total darkness and fell down an elevator shaft, testifying that it was pitch dark. The court in that case held that there was an inference of negligence raised on the part of the plaintiff that had not been rebutted, and that the court should have sustained a motion for directed verdict in favor of the defendant at the close of plaintiff's evidence. However, that case is not on all fours with the case at bar, as no defect in the steps was alleged or shown.

In the case of **McKinley v Niederest, 118 Oh St 334**, the court in that case held that the plaintiff was not a stranger to the situation, that she had lived in the apartment many months and not only knew there was a stairway, but knew the stairway was within a few feet of her door. There had been no change in location or condition, no failure to keep it repaired. She went forward in total darkness, according to her own admission, with full knowledge of the conditions and general location of the stairway. The stairway was not unsafe and was not an unnecessary institution. The court held that the plaintiff's own testimony clearly raised an inference that she did not exercise ordinary care, and that there was no evidence in the record tending to refute that inference and that a directed verdict

was proper under those conditions. However, we find that that case is not on all fours with the case at bar.

This court, in the case of **The Chardon Lakes Inn Company v McBride, 56 Oh Ap 40**, held:

"An invitee at an inn who inquires of the hostess for a rest room was directed to go into a certain hallway, went into the hallway, which was insufficiently lighted, tried a door which was locked, opened another, groped around in the dark for a light switch, advanced a step and in so doing fell down an unlighted stairway and thereby suffered injuries, is not guilty of contributory negligence as a matter of law."

While the facts in that case are not identical with the case at bar, they are similar.

After a consideration of all the evidence in this case, it is the conclusion of this court that we can not say that the appellee in this case was guilty of contributory negligence as a matter of law, that reasonable minds might under the evidence come to different conclusions, that the facts and circumstances presented a factual question for the determination of the jury.

The last error urged deals with the question of newly discovered evidence, and it is urged that the court erred in not granting a new trial on the grounds of newly discovered evidence. We have examined the affidavits, made a part of the bill of exceptions, by which appellant seeks a new trial, and, without reciting the statements therein contained, we are satisfied that the Court of Common Pleas did not abuse its discretion in refusing same. The granting of new trials on the ground of newly discovered evidence is not favored, and inasmuch as the granting or refusing of a new trial on such ground rests largely in the sound discretion of the trial court, we are unable to say that that discretion has been abused in refusing to grant a new trial in the case at bar. To this effect see **30 Ohio Juris., 75**, where a number of cases are cited: **Smith v Bailey, 26 Oh St 1; Stamping Company v Eles, 124 Oh St 29**, at page 32, and cases therein cited.

It is the conclusion of the court that no prejudicial error, as urged, intervened in the trial of this case, that the court did not abuse its discretion in refusing a new trial on the ground of newly discovered evidence.

The judgment of the lower court is there-fore affirmed.

NICHOLS, PJ, and BENNETT, J, concur in the judgment.