**CARR v FOX et**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5746.   Decided Mar. 11, 1940.

E. C. Hauer, Cincinnati, and R. T. Dickerson, Cincinnati, for appellant.
August A. Rendigs, Jr., Cincinnati, for appellees.

## OPINION

By ROSS, J.

The trial court instructed a verdict for the defendants.

The petition charged that the defendants were negligent in (1) permitting the top step of a stone stairway to project several inches above a sidewalk leading to such stairway; (2) not providing a hand rail for such stairway; and, (3) in failing to light such stairway.

The defendants were lessors of certain rooms and the passage way leading thereto, in a lodge building. The premises leased were used by the Board of Elections for voting purposes. The lease covered only certain specific days in each year.

There is no question that the evidence is conclusive that the Board of Elections had sole control of the premises involved in this action at the time the plaintiff was injured.

The stairway was poorly lighted and no hand rail was provided. The top step of the stone stairway was elevated some few inches above the sidewalk leading up to it. The defendants agreed in the lease to the Board of Elections to provide adequate lighting for the premises.

The plaintiff desiring to vote, approached the stairway in question shortly before the close of the polls at about five P. M. She attempted to pass down the stairway leading to the voting room in the basement of the building. She stumbled over the top step, fell down the stairs, and was severely injured.

The plaintiff relies upon §§12600-2 and 12600-35 GC, as placing a statutory duty upon the defendants to light the premises in question. These statutes do not impose such duty, nor do we find any other statute imposing such duty. There is no common law duty to light.

The evidence is also conclusive that the place where the injury was received by plaintiff was not a common stairway.

The defendants justify the action of the trial court in instructing a verdict under what are commonly called the step in the darkness cases. **McKinley v Niederst, 118 Oh St 334; Flury v Central Publishing House, 118 Oh St 154; E. Kahn's Sons Co. v Ellswick, et, 122 Oh St 576.**

These cases are inapplicable to the present situation, for the reason that the evidence shows that the area involved was neither dark nor light, but, on the contrary, due to the existence of some light, was dimly lighted. This presents one of the most trying situations for anyone whether on foot or driving a vehicle. Objects are presented in a distorted dimness, which may justify proceeding, but often obscures pitfalls which would be avoided if the light were stronger, or be avoided entirely if there was less light. This ground is not available as a justification for the action of the court.

We find no statutory or common law duty upon the lessors to rail.

There was also no evidence of any structural defect in the premises.

The plaintiff relies upon the case of **Gibbs v Village of Girard, 88 Oh St 34,** as authority for the proposition that what is and what is not a nuisance is a question for the jury.

The difficulty with plaintiff's position is, that the defendants in the petition are not charged with maintaining a nuisance and that there was no evidence in the case that the peculiar condition was not such as any person exercising reasonable care for the safety of those, who it was known would use the premises, would maintain.

The case of **Englehardt v Phillips, 136 Oh St 73,** in which this court was reversed, clearly requires that definite evidence of such condition be introduced in order to establish liability. Apparently under the ruling in this case the jury may not rely upon common knowledge as to what is and what is not a dangerous situation.

No evidence was introduced that the condition prevailing in the instant case was not one that is met with frequently where proper care has been exercised.

Were there evidence that the situation constituted a nuisance, and this had been made an issue, we would be compelled to reverse the judgment of the trial court. Our conclusion is that the second paragraph of the syllabus in **Englehardt v Phillips, 136 Oh St 73,** is controlling. It provides:

"Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances."

While the case deals with negligence, we conceive that the same rule would apply to a situation involving a nuisance, if the same were alleged.

Our attention has been directed to the provisions of §1006 GC, providing as follows:

"Hand Rails for stairways in certain buildings. In tenement houses, apartments, manufactories, mills, shops, stores, churches, hotels, halls for public meetings, lecture rooms, restaurants, public library rooms, business offices of professional men, and others doing business for or with the public, all public buildings and other rooms or places of public resort or use, whether for the transaction of business or social enjoyment, the owners, directors, trustees, lessees, managers, controllers or proprietors thereof shall provide and maintain for all stairs or stairways for ingress or egress, a substantial hand-rail extending from the top to the bottom thereof, and firmly fastened to the wall or other support or partition at the side of such stairs. Such hand-rail shall be constructed of wood not less than one and one-half inches wide and two and one-half inches thick or of iron not less than one and one-half inches in diameter."

Sec. 1007 GC, provides a penalty for failure to comply with the provisions of §1006, and also that the owner or custodian of such stairs "shall be liable to any person injured because of the want of such rail."

The stairway involved in the instant case consisted of outside stone steps of considerable width on the outside of the building proper.

The stairway led down to an exterior door of the basement room occupied by the board of elections. A stairway to the main part of the building extended from the ground level upwardly over the stairway in question to an exterior door of the main floor.

It is our conclusion that the title of §1006 GC, must be considered with the section proper. Our reasons for such conclusion were given in State ex Bolsinger v Swing et, 54 Oh Ap 251, 257.

The statute properly construed has no application to the situation herein involved. To the same effect is the case of Herbst v Y. W. C. A., 57 Oh Ap 87, 89.

We do not have a situation similar to that existing in the cases of: Doster v Murr, et, 57 Oh Ap 157; Cebulek v Tisone, 28 Abs 166; McGoldrick v Kuebler, 36 Oh Ap 380.

Even if the statute in question were extended to include exterior stairways there is no evidence in the record from which a justifiable inference could be drawn that the injuries to the plaintiff were proximately caused by the absence of a rail.

The first step of the stairway in question consisted of a large slab, some eighteen inches in width, extending the full width of the stairway and elevated above the level of the sidewalk approach some few inches. The plaintiff stumbled over the slab. Only reference to pure speculation would justify the conclusion that had a hand rail been attached to the wall of the building it would have been employed by the plaintiff before she proceeded to descend the steps, or would have prevented her injuries after she stumbled.

For the reasons given, the judgment of the trial court is affirmed.

HAMILTON, PJ. & MATTHEWS, J., concur.