### KOCH v CINCINNATI ST. RY. CO.
(Two cases)

Ohio Appeals, 1st Dist, Hamilton Co

Nos 5952, 5953. Decided May 19, 1941.

William J. Dammarell, Cincinnati, and Richard D. Kearney, for appellants.

Leo J. Brumleve, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeals on questions of law from judgments of the Court of Common Pleas of Hamilton County, in which that court, at the conclusion of plaintiff's evidence, instructed verdicts for the defendant Street Railway Company.

The first action was by the wife of Dr. Albert H. Koch, such wife being a passenger in an automobile driven by the Doctor. The second action was instituted by the Doctor to recover the amount of damages to his automobile and for sums paid for medical care of his wife and for the loss of services and consortium of his wife. Claim for damages is made by the Doctor in the order named.

From the record it appears that some short time previous to the time of the mishap constituting the basis for the two actions here considered, a street car of the defendant company collided with an automobile causing the four sandboxes in the street car to discharge their contents upon the area of the roadway along the rails. The evidence fails to show that the defendant was guilty of any negligence in producing this situation. The street car being damaged was removed and an inspector, employe of the defendant, together with a workman, drove to the place of collision in a truck of the defendant company. The truck was parked along the curb a few feet to the east of a point opposite the area where the piles of sand were located.

Under the direction of the inspector, the workman using a shovel scattered the sand, throwing it toward the south curb where the truck was parked. The sand so scattered in no place was more than ⅛th of an inch in depth. The inspector played the light from a flashlight upon the piles of sand as they were being removed. This situation developed on what is known as the Eighth Street Viaduct near the western end of such viaduct, which extends approximately east and west.

The street car which collided with the automobile was proceeding eastwardly when the collision occurred and the sand was therefore located in the east bound track.

The truck was parked closely up against the south curb of the viaduct, leaving one full clear lane of traffic between the truck and the street car rails.

The viaduct is well lighted. The incidents involved in these cases occurred on Christmas eve, 1937, at approximately 9:30 P. M. The temperature was 53 degrees, a fine mist was falling rendering the use of windshield wipers necessary, and causing the surface of the viaduct which is concrete to be damp.

This being the situation, Dr. Koch, driving a 1934 Oldsmobile, following several other automobiles, approached the place where the sand was being scattered over the surface of the pavement of the viaduct. He followed the automobile preceding him at a distance between twenty-five to thirty feet, the automobiles approached the vicinity of the scattered sand at a speed of twenty to thirty miles per hour. The line of cars was proceeding eastwardly in the traffic lane between the street car rails and the space west of the truck. The automobile just ahead of Dr. Koch slowed down to a speed of ten or fifteen miles per hour, and Dr. Koch caused his automobile to proceed accordingly.

The Doctor was unable to see just what was causing the slackening of the speed of the preceding vehicles until within a short distance of the sanded area, when observing the inspector with his flash light and the workman as well as the truck ahead, he states that he thought that a live overhead traction wire had dropped and then suddenly applied his brakes. The auto-

mobile which he was driving slowly skidded southwardly over the intervening space and struck the truck of the defendant causing the damages claimed in these two cases.

Such was the evidence upon which the trial court instructed verdicts for the defendant at the close of the plaintiff's evidence.

If this evidence would entitle the plaintiffs to judgments in their respective cases, then the trial court was in error in instructing verdicts for the defendant in those cases. If such evidence was insuficient to affirmatively show negligence on the part of the defendant, or that negligence was the proximate cause of the injuries of which complaint is made, then the court was correct in the action taken. In determining the existence of negligence on the part of the defendant it is necessary that there be evidence showing that the defendant in scattering the sand under the circumstances existing must have had reasonable cause to believe that so scattering the sand would probably cause the injuries of which complaint is made. If no person could reasonably anticipate that such would be the result, the defendant cannot be found guilty of negligence in failing to anticipate a situation which no person exercising ordinary care would expect.

In other words, in order for the plaintiffs to recover on their evidence, as a matter of common knowledge, it must be apparent that a thin film of sand scattered over a damp concrete street will cause an automobile proceeding at ten to fifteen miles an hour, when suddenly stopped by its brakes, to skid.

In the case of **Englehardt, etc. v Phillips, etc., 136 Oh St 73, at page 78,** the Supreme Court of Ohio states:

"Legal liability for negligence is based upon conduct involving unreasonable risk to another which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances. Moreover, in determining whether the defendant should recognize the risks which are involved in his conduct as being unreasonable, only those circumstances which the defendant perceives or should perceive at the time he acts or fails to act are to be considered. Until specific conduct involving such unreasonable risk to the plaintiff is made manifest by some evidence, there is no issue to submit to the jury."

It is the claim of the plaintiffs that the sand caused the plaintiff's automobile to skid. The defendant claims, and apparently the trial court found that either there was no evidence that the sand was the proximate cause of the plaintiffs injuries, or that the defendant was not negligent in scattering the sand.

There is no evidence showing that a thin film of sand on a damp concrete street will cause an automobile proceeding at the rate of ten to fifteen miles an hour, suddenly stopped, to skid. Claim is made that it will and, on the other hand, that it is used to prevent a skid under such conditions.

One member of this court is of the opinion that it will cause a skid, another that it will not. The trial court may be fairly presumed to be of the opinion that it would not cause a skid.

It would seem under such circumstances that if this question were left to a jury that the result would be to permit the jury to speculate and conjecture as to what an automobile would or would not do under the circumstances involved. It cannot certainly be said that performance of a vehicle under such circumstances is so predictable as to be a matter of common knowledge.

It would seem therefore that the rule laid down in **Englehardt, etc. v Phillips, etc., 136 Oh St 73,** is peculiarly applicable. The second paragraph of the syllabus in that case reads:

"Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending

to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances."

This court has repeatedly held that a condition claimed to be of negligent origin must be shown by proof to be the proximate cause of injuries sustained. Such relationship may not be left to speculation and conjecture. **Flamm v Coney Island Co., 49 Oh Ap 122; Carr v Fox, 32 Abs 103.**

The claim of the plaintiffs in this case almost approaches a position of reliance upon the rule of res ipsa loquitur. Naturally the lack of complete control over the situation forbids the application of this rule.

Were these cases presented to a jury in the condition in which the plaintiffs concluded their evidence, certainly, the question of whether the strewn sand was the proximate cause of the injuries, of which complaint is made, and whether the occurrences following could be reasonably anticipated, would be left to pure speculation and conjecture. The judgment of the trial court in each case was correct, and such judgments will be affirmed.

MATTHEWS, PJ., concurs.

HAMILTON, J. (Dissenting):

I am of opinion that the facts in the case present a mixed question of law and fact and should have been submitted to the jury. If Dr. Koch was guilty of negligent driving, this would not defeat the claim of Mrs. Koch, a guest rider. If there was any evidence of negligence on the part of the Railway Company which contributed to her injury, the case should have been submitted to the jury.

It may be conceded that the spilling of the sand in piles on its tracks in the street was not negligent. Was there any act or acts of negligence on its part in its operation to remove the sand?

It was a dark night and the piles of sand blocked the inside lane of the three lane south side of the street. It parked its repair truck next to the curb thus blocking the lane next to the curb and creating a bottle-neck of one lane, the center lane to take care of heavy traffic crossing the viaduct, which lane it covered with scattered sand. It gave no directions to protect traffic or any signal of the situation.

It appears to me that the majority decision is based on the assumed general knowledge of the majority of the court that sand on the street will not cause skidding, notwithstanding the evidence is that the automobile did skid. The case of Mrs. Koch should have been submitted to the jury.