By the Court.
 

 In the court of common pleas of Montgomery county, Ohio, Robert F. Brown brought suit against the Dayton Rubber Manufacturing Company to recover his salary as treasurer of that company for the period between August 16, 1923, and December 31, 1923. The cause of action stated was that he had been discharged from his employment without just cause, and that he had not been able to secure other employment where he could earn an amount equal to such Salary, and suit was brought for the difference. In the court of common pleas a jury was waived and the case tried to the court, and a judgment was rendered in the sum of $7,750. The Court of Appeals affirmed the judgment, and the cause has been admitted to this court on allowance of motion to certify the record.
 

 The sole question in the trial court was whether or not the company was justified in discharging
 
 *374
 
 Mm. The answer alleged failure to discharge the duties of his office; refusal to co-operate with other officers to the best interest of the business; making derogatory statements concerning the company’s financial condition to the banks from which the corporation had borrowed money and to credit agencies; refusal to obey the orders of superior officers and orders of the board of directors. In the brief of counsel for Mr. Brown no authorities are cited, and there is no discussion of any legal propositions, except to state that the case of
 
 Beckman, Jr.,
 
 v.
 
 Garrett,
 
 66 Ohio St., 136, 64 N. E., 62, cited by counsel for the corporation, does not apply. The syllabus in that case reads as follows:
 

 “To justify the discharge of an employe before the expiration of the term of employment, it is sufficient for the employer to show that the employe was guilty of a default in duty whose natural tendency was to injure his business, and actual injury thereto need not be shown.”
 

 We think this is a case in point, and this case, with many others cited by counsel for the corporation, clearly establishes the principle that neglect of duty, insubordination, and disloyalty are sufficient grounds for terminating an employment.
 

 Mr. Brown had tendered his resignation on August 16, 1922, to take effect December 31 of that year, and, if he had carried out all of the plans and purposes, which he freely admitted and declared in his testimony in the trial court, it is very clear that the natural tendency of the execution of those purposes would not only have been injurious to, but in all human probability would have resulted in the bankruptcy of, the corporation. A number of wit
 
 *375
 
 nesses testified, but the case may be disposed of solely upon the testimony of Mr. Brown and a letter written by him. Our consideration of this ease does not involve the weight of testimony, but rather the effect to be given to the uncontradicted testimony of the claimant himself. This testimony establishes the following facts. Mr. Brown was employed as treasurer at a time when the company was a heavy borrower, requiring at certain periods of the year as much as $1,000,000 of bank credits. Mr. Brown was employed as treasurer at a salary of $10,000 a year and a bonus of an additional $10,-000, and it is plain that he was employed because of certain financial connections which would enable him to borrow the required sums of money from certain Eastern banks. Due to his personal influence, more than a half million dollars had been loaned by banks friendly to him. In July he became incensed at certain actions of the president and wrote a letter on July 25, 1923, making certain demands, which he called an “ultimatum,” and threatening to resign in the event of refusal to comply with his demands, such resignation to take effect December 31, 1923. As a result of this letter several conversations took place, as testified by Mr. Brown, in which he made it clear that he felt that he was absolutely essential to the continued existence of the company, and further made it clear that he wanted to remain until December 31 in order that he might take care of the Eastern banks who had loaned money because of his connection with the business. The amount due to those banks was of sufficient magnitude that it would certainly have resulted in bankruptcy, and it would probably have
 
 *376
 
 been, unfair to other creditors to have withdrawn so large a sum in favor of particular banks. Many-other statements were made by him in his testimony, showing his arrogance, his disloyalty, and his rule or ruin policy. All these things could not be stated within the limits of this opinion, but it was because of his attitude, and the menace he would have been to the company, if permitted to remain in charge of its affairs during the succeeding months, that the directors felt impelled to terminate the employment. All these matters are gleaned from Mr. Brown’s testimony, when he voluntarily submitted himself as a witness, and he is bound by his answers. His testimony makes a conclusive case against himself. It does not involve a determination of the weight of conflicting testimony. This court is confronted only with the duty of determining the effect of his own uncontradicted testimony. We are of the opinion that the company could not do otherwise than discharge him under the circumstances, and, having the right to discharge him, cannot be compelled to respond in damages for nonpayment of his salary during the remainder of his term of office. Upon the authority of
 
 Beckman, Jr.,
 
 v.
 
 Garrett, supra,
 
 the judgment of the Court of Appeals and of the court of common pleas is reversed, and the cause will therefore be remanded to the court of common pleas, with instruction to dismiss the petition at plaintiff’s costs.
 

 Judgment reversed..
 

 Marshall, C. J., Day, Allen, Kin kale and Jones, J J., concur.