DISTELZWEIG, APPELLANT, *v.* HAWKES HOSPITAL OF MOUNT CARMEL ET AL., APPELLEES.

(No. 86AP-640—Decided December 30, 1986.)

*Twyford & Donahey* and *Gerald P. Wolfe II,* for appellant.

*Knepper, White, Arter & Hadden* and *W. Locke McKenzie,* for appellees.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common pleas granting summary judgment in favor of defendants. The sole issue to be resolved is whether the plaintiff is collaterally estopped from litigating an alleged breach of a written employment contract for a specified duration based upon the Unemployment Compensation Board of Review's finding that she was discharged from her employment for "just cause," under R.C. 4141.29 (D)(2)(a).

Plaintiff has raised the following assignment of error:

"I. The trial court erred in holding plaintiff-appellant is collaterally estopped from litigating her claim of breach of contract based upon an Unemployment Compensation Board of Review['s] finding that her discharge from employment was for just cause;

"(A) The issues presented in the present litigation are not the same as those considered by the Unemployment Compensation Board of Review;

"(B) Barring the present litigation on the theory of collateral estoppel imposes an unconstitutional impairment of contract upon plaintiff-appellant and denies plaintiff-appellant the jury trial to which she is entitled."

Plaintiff, Karen Distelzweig, entered into a written contract with Mount Carmel School of Nursing. The term of her employment contract commenced on September 8, 1981 and ran through August 22, 1982. She was appointed to the faculty of Mount Carmel School of Nursing as a part-time nursing instructor. The employment contract stated in pertinent part that:

"This appointment is made according to the policy established by Mount Carmel Medical Center and Mount Carmel School of Nursing."

Plaintiff was discharged for insubordination because she refused to wear a nursing cap. The board's decision re-

versing the administrator's decision on reconsideration and denying plaintiff's claim for unemployment compensation reads in part as follows:

" * * * [T]he Referee concludes that it has been established that claimant's discharge was with just cause in connection with work within the meaning of the Ohio Unemployment Compensation Law."

The common pleas court affirmed the board's decision as being in accordance with law and not against the manifest weight of the evidence.

Defendants allege that summary judgment granted in their favor was appropriate for the reason that plaintiff is collaterally estopped from relitigating the cause of her discharge for insubordination, *i.e.*, that she refused to comply with the written uniform policy. Defendants assert that the just cause issue decided by the board is the exact issue which would be determinative as to the resolution of plaintiff's action for breach of contract. Further, defendants contend that an employer may discharge an employee for "just cause" despite a written employment contract without incurring liability. See, *e.g.*, *Dayton Rubber Mfg. Co.* v. *Brown* (1927), 116 Ohio St. 373, 156 N.E. 136.

Plaintiff, on the other hand, contends that a finding that she was discharged for "just cause" under the unemployment compensation law, while similar, does not preclude the litigation of the identical issues regarding whether she was terminated for "just cause" under the written employment contract.

The Supreme Court in *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193, 195, 2 OBR 732, 734, 443 N.E. 2d 978, 981, wrote:

" * * * Collateral estoppel within the context of *res judicata* has been explained by this court to be preclusion of the relitigation in a second action of an issue or issues that have been actually and necessarily litigated and determined in a prior action. * * *"

This doctrine prevents the relitigation of a particular issue or determinative fact which was actually and necessarily decided in a previous decision involving a different cause of action. The court in *Goodson* emphasized that a party may not apply the doctrine of collateral estoppel " * * * without showing that precisely the same issue was litigated in the prior action. * * *" *Id.* at 197, 2 OBR at 736, 443 N.E. 2d at 983, citing *Parklane Hosiery Co.* v. *Shore* (1979), 439 U.S. 322. See, also, *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133, 137, 16 O.O. 3d 150, 152, 403 N.E. 2d 996, 1000. The court in *Goodson* further noted that the burden of proving that the issues in both proceedings are identical rests with the moving party in accordance with the non-moving party's due process right to a full and fair opportunity to be heard as well as the right to a trial by jury.

Defendants rely upon the rationale applied in *Pullar* v. *UpJohn Health Care Serv., Inc.* (1984), 21 Ohio App. 3d. 288, 21 OBR 433, 488 N.E. 2d 486, to support their position that plaintiff is collaterally estopped from relitigating her claim of breach of contract because the board found that she had been discharged for "just cause" under R.C. 4141.29(D)(2)(a). In *Pullar*, the plaintiff was estopped from litigating the cause of action that she was fired in violation of R.C. 4101.17 based upon age discrimination. The court held that the board's finding that the plaintiff was terminated for just cause under R.C. 4141.29(D)(2)(a) for refusing to obey orders necessarily meant that her discharge could not have been based upon age discrimination.

Applying the reasoning in *Pullar*, defendants assert that since plaintiff was found to have been discharged for

just cause by the board, plaintiff herein is similarly barred from relitigating the issue of whether her discharge was for "just cause" in connection with the breach of contract action. The *Pullar* case is inapplicable because the plaintiff in *Pullar* was not collaterally estopped from litigating the breach of contract action but was barred from litigating the action because the oral contract did not comply with the Statute of Frauds.

The issue, as expressed in *Goodson,* is whether the doctrine of collateral estoppel applies here to preclude or foreclose the relitigation in a subsequent civil action of identical issues actually and necessarily litigated by the board. If the identical issues were involved in both proceedings, and if the plaintiff was also given a fair opportunity to argue her version of the facts before the board as well as an opportunity to seek judicial review of the administrative findings, then the doctrine could be applicable to this case.

Plaintiff was represented by counsel at every administrative and judicial proceeding and received access to judicial review by both the trial court and this court. The issues to be tried in this case, however, are not identical to the issues that were tried before the board. Thus, plaintiff is not estopped from litigating her breach of contract claim.

Although the board found that plaintiff's continued refusal to wear a cap as required by the written uniform policy constituted insubordination for purposes of R.C. 4141.29(D)(2)(a), the issues which arise concerning whether defendants had "just cause" to discharge plaintiff prior to the expiration of plaintiff's employment contract have yet to be fully litigated. While there will be an overlap of factual questions as well as similarities in the presentation of evidence and testimony, the doctrine of collateral estoppel does not apply to a mere overlap of issues.

To apply the doctrine of collateral estoppel in such a situation would be to deny plaintiff her right to due process as well as her right to a jury trial. See *Torpey* v. *State* (1978), 54 Ohio St. 2d 398, 8 O.O. 3d 403, 377 N.E. 2d 763. Further, it was not foreseeable to plaintiff that the board's finding of "just cause" would later preclude her from litigating a breach of contract action in a subsequent civil action.

Before there can be a determination regarding whether defendants breached plaintiff's employment contract, there must be an interpretation of the policies which plaintiff was subject to as stated in her employment contract with Mount Carmel School of Nursing. A finding that defendants had just cause to terminate plaintiff must be made considering the written employment contract which clearly does not involve the exact issues regarding whether plaintiff was fired for "just cause" under R.C. 4141.29(D)(2)(a).

Summary judgment should only be granted where no genuine issues of fact remain to be litigated, it appears from the evidence that reasonable minds can come to but one conclusion (that being adverse to the opposing party) and the moving party is entitled to judgment as a matter of law. See *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 4 OBR 396, 447 N.E. 2d 1285; See, also, *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46.

Although the board properly denied plaintiff unemployment compensation because she was discharged for "just cause" within the meaning of the unemployment compensation law, a reasonable interpretation of the employment contract raises genuine issues of material fact as to whether the employer breached the employment contract and was liable for corresponding damages. Therefore, reasonable

280

minds cannot come to the sole conclusion that defendants did not breach the employment contract entered into between plaintiff and Mount Carmel School of Nursing.

For the foregoing reasons, plaintiff's assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE and TYACK, JJ., concur.