**SIEGEL et al., Appellants,**

v.

**D'ERAMO et al., Appellees.**

[Cite as *Siegel v. D'Eramo* (1992), 80 Ohio App.3d 72.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59093.

Decided May 18, 1992.

*Ulmer & Berne* and *Marvin L. Karp,* for appellants.

*Hahn Loeser & Parks* and *Patricia A. Hermann,* for appellees.

PATRICIA A. BLACKMON, Judge.

Howard S. Siegel, M.D., and Ophthalmology Associates, Inc., plaintiffs-appellants, hereinafter "Siegel" and "OAI," appeal from the trial court's dismissal of part of their complaint, denial of their motion to amend the complaint, and granting of the motion for summary judgment filed by David D'Eramo and Sam A. Cottone, defendants-appellees, hereinafter "D'Eramo" and "Cottone." For the reasons set forth below, we affirm.

The pertinent facts are as follows:

In August 1984, Siegel and OAI sued Saint Vincent Charity Hospital, hereinafter "Charity," and two of its officers, D'Eramo and Cottone. At the time of the suit, D'Eramo was Charity's president and chief executive officer

and Cottone, once chairperson of the board, was currently a member of the board of trustees. This suit became known as "Siegel I." In the Siegel I complaint, two counts were raised which alleged that Charity for reasons other than professional competence denied Siegel's reappointment to its medical staff, and that D'Eramo and Cottone maliciously and intentionally conspired to remove Siegel from directorship of ophthalmology and the Lion's Eye Clinic, as well as membership on the medical executive committee. Sometime during the proceedings, it was decided that these two counts would be bifurcated for purposes of trial. Furthermore, the trial court decided that the only evidence that it would review for purposes of the trial on count one would be the transcript of the board of trustees' hearing. Thereafter, the trial court upon reviewing the transcript ruled in Charity's favor on count one.

In order to perfect its appeal, Siegel and OAI dismissed their second count. On appeal this court affirmed the trial court's decision, which held that Charity's action was reasonable, nondiscriminatory, and based on substantial evidence. See *Siegel v. St. Vincent Charity Hosp. & Health Ctr.* (1987), 35 Ohio App.3d 143, 520 N.E.2d 249. After the appeal the second count of Siegel I was refiled. For purposes of clarity it will be referred to as "Siegel II."

Siegel II's complaint consisted of ten paragraphs which the trial court later defined as six claims. Paragraph 8 of that complaint was referred to as claims one and two by the trial court; it specifically stated the following:

"Pursuant to, and as part of said conspiracy, defendants D'Eramo and Cottone have intentionally and maliciously induced and influenced various committees and administrative bodies at St. Vincent's to institute punitive and extraordinary proceedings against plaintiff Siegel and to strip plaintiff Siegel of various positions he had held at St. Vincent's for many years, including his position as Director of St. Vincent's Division of Ophthalmology, his position as Director of the Lion's Eye Clinic, his membership on the Medical Executive Committee and his status as a member of the Medical Staff of St. Vincent's. As part of said conspiracy, defendants D'Eramo and Cottone intentionally concealed material and pertinent facts and information from those committees and administrative bodies and deliberately and maliciously misrepresented and distorted other facts relative to plaintiffs Siegel and Ophthalmology Associates, Inc. in communicating with said committees and administrative bodies."

In response to the Siegel II complaint, D'Eramo and Cottone moved to dismiss the complaint on the grounds of collateral estoppel. The trial court agreed and dismissed claims one and two also referred to as paragraph 8. Additionally, the trial court dismissed claims four, five, and six on the grounds that they fail to state a claim.

Afterwards, Siegel and OAI filed a motion to amend their complaint, which was also denied. The trial court held that the motion was not supported with operative facts, failed to show good faith, and an amendment would unduly prejudice D'Eramo and Cottone.

The third and remaining claim was scheduled for trial before a different judge who eventually dismissed that claim on a motion for summary judgment.

Consequently, Siegel and OAI filed this timely appeal and raise three assignments of error.

The first assignment of error states:

"The Common Pleas Court erred in holding that the claims asserted in paragraph 8 of the complaint were barred by collateral estoppel."

The trial court rightly concluded that the underlying issue in Siegel I and II was whether Siegel was justifiably denied his status as a member of Charity's medical staff, including his directorship in ophthalmology and the Lion's Eye Clinic, and his membership on the medical executive committee. Since this issue was integral to both actions collateral estoppel bars the relitigation of the claim. *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 12 O.O.3d 403, 391 N.E.2d 326.

Nevertheless, Siegel and OAI argued that count two raised the issue of D'Eramo's and Cottone's punitive action toward Siegel and that this issue was bifurcated and not adjudicated by the trial court. They raised this issue because the trial court relied solely on the record of the board of trustees' hearing and not a separate hearing held by the trial court.

In support of this argument, appellants cite *Distelzweig v. Hawkes Hosp. of Mount Carmel* (1986), 34 Ohio App.3d 277, 518 N.E.2d 43. In that case the action was litigated before the Unemployment Compensation Board of Review and affirmed by the trial court. Later, the plaintiff sued the hospital for breach of contract. The trial court held that the contract issue was litigated before the board of review and plaintiff was collaterally estopped from suing the hospital. The court of appeals disagreed and held that appeals from administrative hearings which decide whether there was just cause for dismissal do not fully and fairly litigate a breach of an employment contract action. The *Distelzweig* court required a finding of identical issues, a fair opportunity to litigate the same issues and an opportunity to seek judicial review.

We agree that there are similarities between *Distelzweig* and the instant case. However, we also find that there is one major difference. In the instant case the denial of medical staff privileges was fully litigated before

the board of trustees, unlike the *Distelzweig* case, where the Bureau of Unemployment Compensation may not have fully and fairly litigated the contract claim. Furthermore, this court is not prepared to read *Distelzweig* as precluding the application of collateral estoppel to *all* actions involving an administrative hearing and a civil action, especially in light of the Supreme Court's ruling in *Trautwein*, that the application of the concept of collateral estoppel requires an identity of both parties and issues. Once the identity issue has been resolved the sole question remaining is whether the issue of liability is integral to both lawsuits and has it been fully litigated.

The ultimate issue is the loss of medical staff privileges in both actions. The previous action reviewed the reasonableness of the hospital board's denial of medical staff privileges. The present action is for conspiracy to deprive Siegel of various positions on the staff leading up to a complete loss of privileges. Just cause for dismissal and breach of contract are two distinct issues which overlap. See *Distelzweig* at 279, 518 N.E.2d at 45. Loss of privileges from a board of directors and conspiracy leading to loss of privileges from individual board members are the same issue.

In *Siegel v. St. Vincent Charity Hosp. & Health Ctr.*, both the court of common pleas and this court considered Siegel's theory that the board's denial of medical staff privileges emanated from his entrepreneurial dispute with the hospital. *Id.*, 35 Ohio App.3d at 145, 520 N.E.2d at 251. Their failure to reappoint Siegel as director of the ophthalmology department and his overall status at the hospital was also fully and fairly litigated in *Siegel v. St. Vincent Charity*. See *id.* at 147, 520 N.E.2d at 253. Thus, counts one and two have already been fairly and fully litigated.

Siegel argues that Cottone and D'Eramo acted on their own and without the board's approval. Therefore, the issue has not been fully litigated. We disagree. The record contains sufficient facts that this issue had been fully litigated. The trial judge reviewed the transcript of the board of trustees' hearing committee and independently determined that substantial evidence had been submitted to sustain the board's action against Siegel and OAI.

■ Finally, Siegel and OAI argue that the parties were not the same in both Siegel I and II. We disagree. Mutuality only requires that Charity be the real party in interest. In an analogous case, employees of the city of Bowling Green named in a complaint arising out of their work fulfilling the city's obligations made the city the real party in interest for purposes of collateral estoppel. See *Trautwein*, 58 Ohio St.2d at 501, 12 O.O.3d at 407, 391 N.E.2d at 330. In the same respect, D'Eramo and Cottone acting as an executive officer and a board member of Charity respectively, make the hospital the real party in interest.

Accordingly, assignment of error one is overruled.

The second assignment of error states:

"The Common Pleas Court erred in refusing to grant plaintiffs' motion for leave to amend."

In *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622, the Supreme Court of Ohio held that:

"Where plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend pleading." *Id.* at the syllabus, citing *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 8 OBR 169, 456 N.E.2d 562.

In the instant case, Siegel and OAI failed to present any evidence to make a prima facie showing of support for new matters pleaded. They presented no new operative facts in their motion, nor did they demonstrate that Charity, D'Eramo and Cottone would not be prejudiced by their amended complaint. See *Solowitch* at 117, 8 OBR at 171, 456 N.E.2d at 564. Therefore, the trial court did not abuse its discretion in denying Siegel's and OAI's motion to amend their complaint.

Therefore, assignment of error two is overruled.

The third assignment of error states:

"The Common Pleas Court erred in granting summary judgment in favor of defendants with respect to plaintiffs' claim of being deprived of rotation assignments."

Civ.R. 56(C), in pertinent part, provides that:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The Supreme Court of Ohio further adopted the view: "A motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

The burden of production in a claim for business interference requires proof that:

"* * * (1) defendant's conduct interfered with the business rights of the plaintiffs, and (2) taking into consideration the situation and relationship of the parties, such conduct on the part of the defendant lacked any privilege.

* * *" *Juhasz v. Quik Shops, Inc.* (1977), 55 Ohio App.2d 51, 58, 9 O.O.3d 216, 220, 379 N.E.2d 235, 239.

In the instant case, Siegel and OAI presented no evidence of action on the part of D'Eramo or Cottone. Siegel's affidavit merely stated a belief that they were the cause of the business interference which failed to meet the standard set forth in *Wing.* Siegel's affidavit further admitted that there was no proof of this allegation and offered the lack of discovery as a reason.

A trial court is free to consider a motion for summary judgment, where no continuance is requested and supported by affidavits which would suggest the need for further discovery. See *Transamerica Financial Serv. v. Stiver* (1989), 61 Ohio App.3d 49, 572 N.E.2d 149. In the instant case, Siegel and OAI failed to file a motion for continuance or otherwise demonstrate the need for further discovery.

Accordingly, assignment of error three is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and HARPER, J., concur.