Plaintiff-appellant, Raymond McElroy, appeals the decision of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, The Snider Company. For the reasons that follow, we affirm.
In January 1996, appellee, an Ohio corporation engaged in the development of commercial and residential properties, contracted with Mraz Associates, Inc., a construction management company, to act as construction manager for the construction of two office buildings at separate construction sites.
As part of its construction management services, Mraz 
Associates hired appellant as project superintendent. In a letter to appellant dated March 1, 1996, Mraz Associates specified that appellant was being retained as an independent contractor to The Snider Company at the rate of $1,100 per week. The letter stated further that appellant's services [would] commence approximately mid-April and will be for the duration of the construction, approximately ten months later.
As project superintendent, appellant was responsible for the day-to-day operations at the construction sites, including supervising and coordinating the work of the various subcontractors on the projects, assisting the subcontractors in layout work and working with municipal inspectors and utility company representatives. Mraz Associates also designated appellant as Safety Officer for the projects, which involved conducting meetings regarding safety with the subcontractors and monitoring the work sites to ensure a safe work environment.
Appellant began working for appellee in May 1996. As the work progressed at the construction sites, David Snider, president of The Snider Company, and Bernard Mraz, president of Mraz 
Associates, who both periodically visited the construction sites, became concerned about appellant's job performance. On two occasions when he was visiting the construction sites, Snider observed appellant sleeping on the job. On another occasion, Snider observed a subcontractor excavating and grading one of the sites. When Snider asked appellant if he was checking the grades, appellant informed Snider that it was not his responsibility to do so.
Mraz also observed problems with appellant's job performance. On one occasion, Mraz saw a subcontractor pouring footers for the elevator pit, even though the architectural drawings called for a slab, instead of footers. According to Mraz, as project superintendent, appellant should have made sure the subcontractor was following the architectural drawings. Mraz also observed that the concrete poured by the subcontractor honeycombed because of the subcontractor's failure to use the proper equipment. Consequently, appellee incurred additional expense in hiring another company to test the strength of the concrete. According to Mraz, appellant should have made sure [the subcontractor] was using the proper equipment.
On another occasion, when one of the subcontractors was installing storm pipes and another subcontractor was preparing to excavate the site for a temporary driveway, Mraz observed that appellant did not have a transit on the site to verify the elevations for the installation of the pipes and the driveway excavation. When Mraz asked appellant where his transit was, appellant informed him it was at home. According to Mraz, as project superintendent, appellant should have had a transit on site to double-check the subcontractors' work.
According to Mraz, he also received many telephone calls from subcontractors on the project that made it pretty apparent that * * * [appellant] did not understand the [architectural] drawings or sequence of the project. In addition, Mraz Associates received an invoice from a surveying company that included charges for supplemental layout and engineering work that appellant, as project superintendent, should have performed himself.
Jeff Cardinal, who was hired by Mraz Associates in July 1996 to assist as construction manager for the projects, once observed a subcontractor working on the foundation while appellant sat in his truck, listening to the radio and exercising with weights.
On October 15, 1996, Mraz Associates terminated appellant's employment with appellee. Although he had not contacted OSHA prior to his termination, subsequent to the termination of his contract, appellant contacted the local OSHA office by telephone to report various safety violations at the construction sites and complain that his contract had been terminated in retaliation for enforcing OSHA regulations at the sites. Appellant later filed a written complaint with OSHA. OSHA subsequently dismissed appellant's complaint.
Appellant subsequently filed a three-count complaint against appellee and Mraz Associates, alleging breach of contract, termination in violation of public policy and intentional infliction of emotional distress.
Thereafter, the trial court granted the motions for summary judgment filed by appellee and Mraz Associates. Appellant timely appealed the trial court's decision granting summary judgment in favor of appellee. He did not appeal the judgment in favor of Mraz Associates.
Appellant's single assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT, THE SNIDER COMPANY'S, MOTION FOR SUMMARY JUDGMENT BECAUSE MR. McELROY RAISED A GENUINE ISSUE OF MATERIAL FACT REGARDING THE PROPRIETY OF HIS TERMINATION.
Appellant contends that the trial court erred in granting appellee's motion for summary judgment because there are genuine issues of material fact regarding whether appellee terminated his employment without just cause, thereby breaching his employment contract.
As an initial matter, we note that appellee's motion for summary judgment addressed all three counts of appellant's complaint. On appeal, however, appellant challenges only the trial court's ruling regarding his breach of contract claim. Accordingly, we will not consider the trial court's ruling with respect to appellant's claim that he was terminated in violation of public policy or for intentional infliction of emotional distress.
This court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Rule 56(C) of the Ohio Rules of Civil Procedure. North Coast Cable v. Hanneman (1994), 98 Ohio App.3d 434, 440. Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the non-moving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421, 430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112. Any doubts must be resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
Unlike an at-will employment relationship, an employer who is a party to an employment contract of a definite term may properly discharge the employee only for just cause. Dayton Rubber Mfg. Co. v. Brown (1927), 116 Ohio St. 373; Beckman v. Garrett (1902),66 Ohio St. 136, syllabus; Zimmerman v. Eagle Mortgage Corp. (1996), 110 Ohio App.3d 762, 773. To justify the discharge of an employee for just cause, it is sufficient for the employer to show that the employee was guilty of a default in duty whose natural tendency was to injure [its] business, and actual injury thereto need not be shown. Beckman, supra. [N]eglect of duty, insubordination, and disloyalty are sufficient grounds for terminating employment. Rossello v. The Printz-Biederman Co. (March 3, 1977), Cuyahoga App. No. 35430, citing Dayton Rubber Mfg. Co., supra at 374.
Both appellant and appellee agree that appellant's employment with appellee was for a definite duration and, therefore, he could be terminated only for just cause. They disagree, however, regarding whether appellant was terminated for just cause. Appellee contends that appellant's repeated failure to properly perform the duties of a project superintendent was just cause for termination of his employment. Appellant, on the other hand, contends that his termination was the result of conflicts between appellee and Mraz Associates due to construction delays and changes in the project design over which he had no control, rather than his job performance. Thus, appellant contends, there is a genuine issue of material fact regarding whether he was terminated for just cause. We disagree.
In affidavits attached to appellee's motion for summary judgment, David Snider, Bernard Mraz and Jeff Cardinal gave the reasons for appellant's termination; i.e., failing to adequately supervise the work of the subcontractors, failing to perform supplemental layout and engineering work, lack of familiarity with the architectural plans, sleeping on the job and listening to the radio and exercising with weights in his truck while he was supposed to be working.
Appellant did not dispute these facts nor did he present any evidence that supervising the subcontractors and assisting them with supplemental layout and engineering work were not part of his job responsibilities. Indeed, in his deposition, appellant acknowledged that supervising the work of the subcontractors on the project was one of his responsibilities as project superintendent.
Moreover, appellant offered no evidence to support his argument that he was terminated because of conflicts between appellee and Mraz Associates regarding construction delays. Although appellant produced several letters from Mraz Associates to appellee in which Mraz Associates expressed concern regarding the delays in construction caused by the redesigns of the building, none of the letters mentioned appellant or his job performance. Moreover, appellant offered no evidence to refute the deposition testimony of Bernard Mraz and Jeff Cardinal that the redesigns did not affect appellant's job and that the deficiencies in appellant's job performance were not related to the building redesigns.
 Appellant's argument that the construction delays made it impossible for [him] to succeed in his responsibility to supervise day-to-day operations when no day-to-day operations were going forward is without merit. As discussed above, appellant does not deny that when the day-to-day operations were progressing at the construction sites, he did not adequately supervise the work of the subcontractors — a responsibility he acknowledged was his as project superintendent.
Accordingly, we conclude that there is no genuine issue of material fact that appellant was terminated for neglect of duty and actions that had the natural tendency to injure appellee's business. Beckman, supra; Rossello, supra. In other words, appellant was terminated for just cause. Therefore, the trial court did not err in granting appellee's motion for summary judgment on appellant's breach of contract claim.
Appellant's assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J. and PATTON, J., CONCUR.
 ____________________________ TIMOTHY E. McMONAGLE, JUDGE