JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Mourad and Shinaz El-Mahdy (the "El-Mahdys"), appeal the trial court's grant of summary judgment in favor of defendants-appellees, University Hospitals of Cleveland ("UH"), Nabeeh Abdur-Rahim, Brian Schrader, and Winford Thompson (collectively, "appellees"). Finding no merit to the appeal, we affirm.
 {¶ 2} On August 16, 2001, Mourad El-Mahdy ("El-Mahdy"), a UH employee, was transported by wheelchair from his work area to the UH emergency department after he allegedly fainted. In the refiled complaint,[1] El-Mahdy alleged that UH security officers Abdur-Rahim, Schrader, and Thompson, were negligent in lifting and placing him in a wheelchair and transporting him without the assistance of a medical team. He claimed that his shoulder, arm, and wrist were injured while he was being transported. His wife, Shinaz El-Mahdy, also asserted a claim for loss of consortium.
 {¶ 3} Appellees moved for summary judgment, arguing that El-Mahdy's deposition testimony revealed that he was unconscious while he was being moved and, therefore, he had no basis to support his general assertion that the security officers harmed him or were otherwise negligent. They additionally argued that, even assuming that the security officers were negligent, there was no expert medical testimony establishing that such negligence proximately caused El-Mahdy's injuries. In support of their defense, appellees attached the affidavit of security officer Abdur-Rahim, who attested that El-Mahdy never complained of any shoulder pain. He further stated that no security officer "yanked" El-Mahdy's shoulder while placing him in the wheelchair.
 {¶ 4} In response, the El-Mahdys claimed that the security officers' deposition testimony revealed that they were not trained in transporting people to the emergency room. They claimed that this admission, coupled with El-Mahdy's complaint of pain to his shoulder upon arriving at the emergency room, demonstrated that they were negligent. They claimed that El-Mahdy's arm was pulled out of its socket and, because the security officers were the only individuals to have "handled" him, they were obviously responsible. To support proximate cause, they attached an unsworn letter from Dr. John Conomy, who stated that El-Mahdy suffered "stretch injuries" which were caused by lifting him. The El-Mahdys further supplemented their brief in opposition with the deposition testimony of security officer Thompson. They claimed that Thompson's testimony contradicted the other security officers' testimony as to the facts surrounding El-Mahdy's transfer, thereby creating genuine issues of material fact.
 {¶ 5} In granting appellees' motion for summary judgment, the trial court found that the El-Mahdys "failed to provide any Civ.R. 56 compliant evidence that defendants were negligent." The El-Mahdys appeal, raising two assignments of error.
 {¶ 6} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) thereis no genuine issue of material fact, (2) the moving party is entitled tojudgment as a matter of law, and (3) reasonable minds can come to but oneconclusion and that conclusion is adverse to the nonmoving party, saidparty being entitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp.,73 Ohio St.3d 679, 1995-Ohio-286,paragraph three of the syllabus. The party moving for summary judgmentbears the burden of showing that there is no genuine issue of materialfact and that it is entitled to judgment as a matter of law. Dresher v.Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 8} In their first assignment of error, the El-Mahdys claim that the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether the security officers were negligent and whether such negligence proximately caused his injury. They claim that the security officers' deposition testimony contains material inconsistencies as to how El-Mahdy was placed in the wheelchair, i.e., whether they lifted him by the arms or upper torso and who held the wheelchair while he was being lifted. They further claim that the security officers contradicted El-Mahdy's testimony that he was unconscious during the transfer. In light of these disputed facts, they claim that the trial court should have denied summary judgment. We disagree.
 {¶ 9} These alleged questions of fact do not create a genuine issue of material fact as to appellees' alleged negligence. The essential elements of any negligence action are duty, breach of duty, proximate cause, and injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75. "`Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Turner v. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, quoting Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. The resolution of these questions proves neither that the security officers breached a duty of care nor that their alleged negligence proximately caused El-Mahdy's injuries.
 {¶ 10} Next, we find no merit to the El-Mahdys' contention that the security officers' testimony established a negligence claim by virtue of their acknowledgment that they physically moved El-Mahdy. The El-Mahdys broadly claim that the fact that El-Mahdy allegedly experienced pain after he was transferred to the emergency department conclusively demonstrates that the security officers were negligent. Again, this testimony fails to demonstrate any negligence or that the security officers' actions proximately caused the alleged injuries. Contrary to the El-Mahdys' assertion, the record contains no evidence that the security officers pulled El-Mahdy's arm out of its socket. Indeed, he testified that he has no memory of what occurred during the transfer. Moreover, we find no evidence in the record establishing that El-Mahdy was "injured" during the transfer.
 {¶ 11} Likewise, we find the El-Mahdys' reliance on the unsworn letter of Dr. John Conomy for purposes of establishing proximate cause to be insufficient. In the letter, Dr. Conomy stated that El-Mahdy "suffered stretch injuries to the left shoulder and left brachial plexus * * * caused by lifting him * * *. However, this letter does not create a genuine issue of material fact because it is inadmissible for summary judgment. See Civ.R. 56(C). An expert opinion in a letter may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. Martin v. Cent. Ohio TransitAuth. (1990), 70 Ohio App.3d 83, 89. Because the letter was not incorporated by reference in a properly framed affidavit, the document had no evidentiary value. See Moreland v. Ksiazek, Cuyahoga App. No. 83509, 2004-Ohio-2974, ¶ 25, citing Mitchell v. Ross (1984),14 Ohio App.3d 75. Accordingly, the trial court properly disregarded the letter in deciding the motion for summary judgment.
 {¶ 12} Finally, in their second assignment of error, the El-Mahdys claim that the trial court erred in ruling on the motion for summary judgment prior to the expiration of the discovery period. We find no merit to this argument. "A trial court is free to consider a motion for summary judgment where no continuance is requested or when such continuance is not supported by affidavits which would suggest the need for further discovery." BFI Waste Sys. v. City of Garfield Heights
(1991), 94 Ohio App.3d 62, 74, citing Siegel v. D'Eramo (1992),80 Ohio App.3d 72. The record reflects that the trial court granted the El-Mahdys additional time to supplement their brief in opposition to the motion for summary judgment. To the extent that they now claim that additional time was needed, they have waived this issue by failing to request the same below pursuant to Civ.R. 56(F). Id.
 {¶ 13} Accordingly, the first and second assignments of error are overruled. Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Gallagher, J. concur.
[1] Mourad El-Mahdy originally filed suit on August 16, 2002 but dismissed his case on July 31, 2003.