COLARIK, PLAINTIFF-APPELLANT, *v.* YOUNG, ADMR. BUREAU OF WORKMEN'S COMPENSATION ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District Trumbull County.

No. 1517.   Decided June 18, 1962.

*Mr. Marvin Traxler,* for plaintiff-appellant.
*Mr. William G. Carpenter,* assistant attorney general, for Bureau of Workmen's Compensation, Appellee.
*Messrs. Guarnieri & Secrest,* for Packard Electric Division, General Motors Corporation, Defendant-Appellee.

BROWN, P. J. The trial court sustained a demurrer to the plaintiff-appellant's second amended petition. The court took the position, in sustaining the demurrer in each instance, that the petition did not state a cause of action. The facts stated in the petition and the amended petition indicate clearly that the injury, upon which plaintiff's claimed right of participation in the State Insurance Fund was founded, was not accidental in character, as defined in *Dripps* v. *Industrial Commission of Ohio*, 165 Ohio St., 407.

The trial judge, after sustaining the demurrer to the amended petition, denied the plaintiff's request for leave to file a third amended petition. The appeal claims this was abuse of discretion. Section 2309.60, Revised Code, provides for the filing of an amended petition by the adverse party if a demurrer is sustained. The statute provides for amendment only if the defect thus can be remedied.

Leave of court is contemplated and application therefor should be addressed to the court unless the journal sustaining the demurrer specifically grants such leave. This application for leave is addressed to the sound discretion of the trial court and should not be disturbed upon appeal except in case of evident abuse of discretion or unless the appellant shows affirmatively that he was prejudiced by the ruling. 41 American Jurisprudence, 492; *Lichter* v. *Land Title Guarantee & Trust Co. et al.*, 77 Ohio Law Abs., 335.

It is not an abuse of discretion for a trial court to refuse to permit filing of a second amended petition where the petition and amended petition fail to include allegations of injury occurring in such a manner as to fall within the definition of the *Dripps case*.

Judgment affirmed.

DONAHUE and GRIFFITH, JJ., concur.