**Petruzzi v. Casey**
*[Cite as 2 AOA 605]*

*Case No. 89AP-1508*
*Franklin County, (10th)*
*Decided April 26, 1990*

*Mr. Lewis E. Williams, for appellants.*

*John C. Nemeth & Associates, and Mr. John C. Nemeth, for appellee.*

YOUNG, J.

This matter is before this court upon the appeal of Marjorie Petruzzi et al. ("Petruzzi"), appellant, from a summary judgment which was granted in favor of the appellee, John F. Casey. This case arises from a malpractice action filed by appellant against appellee John F. Casey. In March 1987, appellant and others vacationed on a Caribbean cruise ship owned by Kloster Cruise, Ltd., dba Norwegian Caribbean Lines ("Norwegian"). Since Petruzzi is wheelchair bound, special arrangements were made by Norwegian to accommodate her.

In order for the passengers to leave the cruise ship to visit the various islands, the passengers were loaded aboard smaller boats, known as "tenders." The only way to board or exit from the tenders was for the passengers to negotiate a steep stairway. On March 13, 1987, several crew members were attempting to take Petruzzi down the steep staircase. One of the crew members began to take Petruzzi in the wheelchair down the stairs when suddenly he lost his grip, and the wheelchair dropped down the stairs, and went out of control causing injuries to Petruzzi. Appellant was given medical attention and a complete report of the accident was filed with Norwegian.

Upon her return to Columbus, appellant contacted attorney John F. Casey, who had previously done legal work for appellant. Appellee explained to appellant that he did not handle personal injury cases but agreed to refer appellant to an experienced attorney. In May 1988, appellant was referred to attorney William Lamkin. After some investigation, Lamkin discovered that the ticket issued to Petruzzi included a provision which purported to impose a one year statute of limitation from the date of the injury for any personal injury actions filed against the cruise line. The provision also required that the cruise line be given written notice of any claims within six months from the date of the occurrence. Lamkin declined the lawsuit and advised appellant to retain an attorney in Florida since that was the cruise ship's port of embarkation. Thereafter, appellant filed this malpractice action against appellee.

In response, appellee filed a motion to dismiss and appellant responded with a memorandum contra. The motion to dismiss was denied and thereafter, appellee filed his answer.

Appellant filed a motion for leave to file an amended complaint to include a claim for stress and anxiety caused by appellee's alleged professional negligence. Appellee filed a memorandum contra and subsequently, the motion was denied.

Appellee filed a motion for summary judgment and/or motion for partial summary judgment. Appellants filed a memorandum contra and appellee filed a reply memorandum. Thereafter, the trial court granted appellee's motion for summary judgment and appellant now asserts the following two assignments of error:

"I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT.

"II. THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT."

In the first assignment of error, appellant asserts that the trial court abused its discretion in denying appellant's motion for leave to file an amended complaint. Civ. R. 15(A) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court

shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

The spirit of the Civil Rules requires resolution of cases upon their merits. Civ. R. 15(A), which mandates that a party must seek leave of the court or the written consent of the adverse party, states that "*** [l]eave of court shall be freely given when justice so requires. ***" See *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175. Although the trial court has discretion, the party seeking leave to amend the complaint must at least demonstrate a *prima facie* showing that the movant can marshal support for the new matter sought to be pleaded. See *Solowitch* v. *Bennett* (1982), 8 Ohio App. 3d 115, 117.

In the case *sub judice*, the parties were not seeking to remedy an oversight in the original complaint. The parties were seeking to set forth a separate cause of action in order to recover for the alleged stress and anxiety they suffered from appellee's alleged professional negligence. The amended complaint states, in pertinent part:

"In addition to the damages referred to in paragraph 29 herein, defendant's negligence has further caused plaintiff Marjorie Petruzzi to endure substantial stress and anxiety, causing her injury in body and mind."

Other than this allegation, appellant presented no operative facts in support of this new claim. *Id.* Thus, having failed to establish a *prima facie* showing of support, the trial court did not abuse its discretion in overruling appellant's motion for leave to file an amended complaint. Accordingly, appellant's first assignment of error is not well-taken and is overruled.

In the second assignment of error, appellant asserts that the trial court erred in sustaining appellee's motion for summary judgment.

A motion for summary judgment, Civ. R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be granted with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1.

Pursuant to Civ. R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made.

The elements to establish a cause of action for legal malpractice in a civil matter are: (1) an attorney client relationship giving rise to a duty; (2) a breach of that duty, and (3) damages proximately caused by the breach. See *McInnis* v. *Hyatt Legal Clinics* (1984), 10 Ohio St. 3d 112; *Loveman* v. *Hamilton* (1981), 66 Ohio St. 2d 183; *Harter* v. *Morris* (1869), 18 Ohio St. 492. See, also, *Jablonski* v. *Higgins* (1983), 6 Ohio Misc. 2d 8.

Appellant asserts that appellee's alleged negligence has precluded her from filling suit against the cruise line because of the one year statute of limitations in provision 13 of the contract for passage included on the passenger ticket. Appellee argues that the issue of whether provision 13 of the passenger ticket is a valid statute of limitation giving sufficient warning has never been litigated in Ohio.

Appellee purports that even assuming that provision 13 of the passenger ticket bars an action by appellant against the cruise line, it does not act as a bar against the negligent crewman. Appellee also asserts that appellant may maintain an action against the cruise line in either Federal Admiralty court which has a three year statute of limitation, or the state of Florida, which has a four year statute of limitation. Thus, since other avenues of legal recourse are available to appellant, she has not been precluded from pursuing her personal injury claim for damages. Consequently, this legal malpractice action against appellee is premature. Appellant has failed to exhaust all of her legal remedies in having her personal injury claim satisfied and, as the record reflects, no statute of limitation has been imposed barring appellant's personal injury claim in any legal proceeding. There has been no definitive legal determination that the one year statute of limitation imposed by the cruise line, as set forth on its passenger ticket, is applicable to the underlying set of facts to this case. However, this issue need not be decided in this action since it is more appropriately addressed in a

separate action regarding appellant's personal injury claim.

The trial court erred by granting summary judgment for appellee and disposing of the case on its merits. The potential for an action in legal malpractice against appellee based upon negligence may still be viable, depending upon the outcome of appellant's remaining legal remedies regarding her personal injury claim for damages. However, the trial court could have stayed the legal malpractice action until the personal injury claim had been resolved, or dismissed the matter herein without prejudice so as not to effect a *res judicata* argument at such time that appellant's legal malpractice action became actionable.

Thus, the trial court abused its discretion in granting appellee's motion for summary judgment and deciding the case on its merits. The matter herein is remanded to the trial court with instructions to either stay the proceedings or enter a *sua sponte* dismissal without prejudice.

Accordingly, the appellant's first assignment of error is not well-taken and is overruled; appellant's second assignment of error is well-taken and is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and the matter is remanded with instructions.

> *Judgment reversed,*
> *and cause remanded*

REILLY, P.J., and KOEHLER, J., Concur.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.