JOURNAL ENTRY AND OPINION
The Appellant, Jordan Delmonte, appeals the trial court decision granting the appellee's motion to dismiss on 12(B)(6) grounds, failure to state a claim upon which relief may be granted. For the foregoing reasons we affirm the trial court's decision.
The complaint in this case was filed with the Court of Common Pleas of Cuyahoga County on September 24, 1999. The complaint alleged that the Appellees, Concerned Citizens for Good Government and Curtis Patrick, prepared a document for distribution which contained the opinions of all the defendant-appellees. That document was later distributed to the entire community of Woodmere Village, Ohio, a community of over 1000 residents. The appellant, Mr. Delmonte, alleged that the appellees' sole purpose in preparing and distributing the document was to publicly humiliate and embarrass him. Appellant's complaint also contained a sentence stating that the statements expressed by the appellees were opinions and, therefore, were constitutionally protected.
The appellant had, on a previous occasion, sought a role in public office in the village of Woodmere, but was unsuccessful. His hopes were to run for office again in the future. The appellant claims that on or about October 30, 1998, the appellees, in an effort to prevent the appellant from ever holding office in Woodmere Village, circulated a flyer which was presented so as to resemble an opinion of the editorial board of a local newspaper, The Chagrin Valley Times. The appellant claims that the flyer was filled with inaccuracies regarding the appellant and that the appellees had used deceit in displaying the flyer to resemble something it was not, an editorial opinion by the paper. He further claimed that the appellees' acts were both deliberate and malicious and that he had been injured due to the embarrassment and damage to his reputation in the community. The appellant also claimed that the flyer ruined any future chance of the appellant being elected into public office.
On November 29, 1999, appellees filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Appellees also filed a motion for a protective order. The appellees presented arguments that: (1) the statements appellant based his cause of action on were not defamatory as a matter of law; (2) the statements appellant presented were constitutionally protected; (3) the appellant presented an affirmative defense on the appellant's own complaint which rendered his claim meritless; and (4) appellant failed to properly plead his cause of action.
On December 6, 1999, the appellant filed a reply to the appellees' motion to dismiss and to appellees' motion for a protective order. Appellant also filed an amended complaint.
On December 16, 1999, the appellant filed a motion for leave to file a second amended complaint. Appellant's second amended complaint did not contain the earlier sentence stating appellees' affirmative defense. The appellees then filed a reply brief in opposition to appellant's second attempt to amend his complaint. Appellees subsequently renewed their motion for a protective order on January 7, 2000.
On, January 11, 2000, the appellant filed a motion for summary judgment to which the appellees responded with a motion to strike.
The trial court, on January 28, 2000, granted the appellees' motion to dismiss. The plaintiff timely appealed and has advanced the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS AND IN DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
Appellant's first assignment of error is without merit. The language of Civ.R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend. The court should always construe the motion in favor of the movant in order for the plaintiff to save his/her cause of action, and the granting of leave should not be withheld absent good reason. Solowitch v. Bennett (1982), 8 Ohio App.3d 115; 456 N.E.2d 562. Civ.R. 15(A) provides:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served.
 Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.
* * *
However, the Supreme Court of Ohio held, in Wilmington Steel Products,Inc. v. Cleveland Electric Illuminating Co. (1991), 60 Ohio St.3d 120,573 N.E.2d 622, that even though the rule suggests a liberal policy in granting a motion to amend, this court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. Id. at 122, citing, State, ex rel.Wargo v. Price (1978), 56 Ohio St.2d 65, 10 O.O.3d 116, 381 N.E.2d 943. The court further stated that our role is limited to review, but the review itself has narrow limits. Id. at 122.
The Supreme Court further held that the term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 122, citing, Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248, 1252.
In Csejpes v. Cleveland Catholic Diocese (1996), 109 Ohio App.3d 533,672 N.E.2d 724, this Court affirmed the trial court's denial of a motion for leave to file a second amended complaint. The Court, following the standard for abuse of discretion set out in the Wilmington, supra, case, reviewed the record to see if the appellant had made a case to demonstrate the court's abuse of discretion. In that case, the court found that the appellant had failed to demonstrate an abuse of discretion because appellant's motion to amend was filed "twenty months after filing her original complaint, two months following summary judgment on her discrimination claim, and one month prior to the scheduled trial." Id. at 542.
The motion to amend "is designed to include matters occurring before the filing of the complaint but either overlooked or not known at the time." Mark v. Waltcio Truck Equip. Co. (1990), 70 Ohio App.3d 458, 461,591 N.E.2d 379, 381.
In Solowitch v. Bennett (1982), 8 Ohio App.3d 115, 458 N.E.2d 562, this Court was faced with a situation where the appellants were not seeking to remedy an apparent oversight or omission. In Solowitch, the appellants brought suit against the defendant-appellee, a state employee, based on negligence. When the appellee filed a motion to dismiss for lack of subject matter jurisdiction, the appellants sought to amend their complaint to add new allegations regarding the appellee's conduct, thus setting forth a new cause of action to extend beyond the appellee's immunity as a city employee.
The Solowitch court determined that "appellants presented no operative facts in support of their new allegations that appellee's conduct *** was either `wanton' or `reckless' or `manifestly outside the scope of his *** official responsibilities,'" and therefore beyond his immunity as a public employee. Id. at 565. Accordingly, in the absence of a showing that the appellants' motion to amend was made in good faith, the court found that the trial court did not abuse its discretion. Id.
In the case at bar, the appellant filed his original complaint on September 24, 1999, in which he stated an affirmative defense for the appellees. The appellees then filed a motion to dismiss on November 12, 1999, citing the affirmative defense. The appellant then replied to the appellees' motion to dismiss and filed an amended complaint on December 6, 1999. The amended complaint again contained the affirmative defense that the appellees' statements in the flyer were opinions and, therefore, constitutionally protected. It was not until December 15, 1999, that the appellant filed a motion for leave to file a second amended complaint. At that time, the attached amended complaint omitted appellant's admission that the appellees' opinions were constitutionally protected. The appellant's second attempt to amend was not even made in an effort to remedy an apparent oversight or omission in the two prior complaints; it was done in an attempt to change the wording of the complaint to save his claim. Schweizer v. Riverside Methodist Hospitals
(1996), 108 Ohio App.3d 539.
Appellant's argument that the trial court acted improperly in failing to grant his motion for leave to file his second amended complaint is without merit. A review of the record fails to demonstrate that the court's actions rose to the level necessary to constitute an abuse of discretion.
A motion to dismiss for failure to state a claim upon which relief may be granted is procedural and tests the sufficiency of the complaint.State, ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 605 N.E.2d 378. In order for a court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 1098, syllabus. The trial court is bound to construe all of the factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber
(1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. This means that the court may not dismiss a complaint based on its own doubt that the plaintiff may not win on the merits. Slife v. Kundtz Properties (1974),40 Ohio App.2d 179, 318 N.E.2d 577, paragraph four of the syllabus. However, a court may dismiss a complaint based on a valid affirmative defense.
In the case at bar, the appellant conceded in his complaint that appellees' words were constitutionally protected opinions. The determination of whether allegedly defamatory words are constitutionally protected opinion is a question of law. Vail v. The Plain DealerPublishing Co. (1995), 72 Ohio St.3d 279. Therefore, dismissal is proper when the court deems the statements to be opinions. Id. In the appellant's own complaint, he has conceded that the statements of the appellees were constitutionally protected opinions. Based upon the appellant's own assertions, the trial court's action of dismissing the complaint was proper. Therefore, appellant's first assignment of error is without merit.
Appellant's second assignment of error need not be addressed. Judgment Affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. CONCURS
JAMES D. SWEENEY, J. CONCURS
________________________ FRANK D. CELEBREZZE, JR. JUDGE