{¶ 41} I respectfully dissent.
 {¶ 42} With all due respect to my colleagues in the majority, we are not asked here to determine whether Snitzky's claim of jurisdictional error was sufficient to sustain his writ of habeas corpus, but, rather, whether his failure to comply with the requirement under R.C. 2969.25(A) that an inmate's affidavit be filed with the court, "[a] t the time thatan inmate commences a civil action or appeal against a government entityor employee," (emphasis added) could be cured by allowing an amendment to his pleading under Civ. R. 15(A). There is ample authority that it cannot.
 {¶ 43} In Fuqua v. Williams, 100 Ohio St.3d 211, 2003-Ohio-5533, the Ohio Supreme Court held that the delayed filing of an affidavit does not cure a prior failure to file the affidavit required by R.C. 2969.25, stating, "[a] belated attempt to file the required affidavit does not excuse his non compliance." Id. at ¶ 9.
 {¶ 44} While the majority is correct that the primary holding inFuqua is that R.C. 2969.21 et. seq. apply to state habeas corpus actions, the Court proceeded to hold the incarcerated habeas applicant to the requirement in R.C. 2969.25, as quoted above. See also Hawkins v.Southern Ohio Correctional Facility, 102 Ohio St.3d 299, 2004-Ohio-2893
(holding that the petitioner's writ of habeas corpus was fatally defective and subject to dismissal because it failed to comply with the commitment-paper and verification requirements of R.C. 2725.04 and
because the petition did not satisfy R.C. 2969.25(A)).
 {¶ 45} The majority attempts to distinguish Fuqua from the case at bar by stating that, "at no time did the Court hold that a petitioner is barred from amending his original petition to conform with the statutory mandates of R.C. 2969.25, pursuant to a Civ.R. 15(A) motion." This distinction lacks merit. The Court's holding that R.C. 2969.25 applied to habeas actions implicitly recognized the absolute requirement under the statute that the affidavit be filed "at the time the inmate commences" the petition. This was evidenced by the Court's refusal to excuse Fuqua's noncompliance with the statute, despite his "requesting leave * * * to amend his petition with the affidavit required by R.C. 2969.25." Fuqua,2003-Ohio-5533, at ¶ 9 (emphasis added).
 {¶ 46} Furthermore, the majority's attempt to distinguish Hawkins from the instant case is inapposite. The majority asserts that the distinction between Hawkins and the case at bar is that, "the Court's holding was predicated upon the petitioner's failure to comply with the commitment-paper and verification requirements of R.C. 2725.04." While this finding was one of the reasons the court rejected Hawkins's petition, it was merely one of two adequate and independent grounds for doing so. The other reason the court rejected the habeas petition was that, "Hawkins's petition did not satisfy R.C. 2969.25(A). * * * His belated attempts to file the required affidavit do not excuse his noncompliance." Hawkins, 2004-Ohio-2893, at ¶ 5.
 {¶ 47} Moreover, while the majority is correct that Civ.R. 15(A) is not "clearly inapplicable to habeas cases," Gaskins v. Shiplevy,74 Ohio St.3d 149, 150, 1995-Ohio-262, their reliance on the rule in the instant matter is misplaced. The Ohio Supreme Court has held that, "where a [petitioner] fails to make a prima facie showing of support for newmatters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." Wilmington Steel Products, Inc. v.Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, at syllabus, citing Solowitch v. Bennett (1982), 8 Ohio App.3d 115 (emphasis added).
 {¶ 48} In this case, it is undisputed that appellant failed to file the R.C. 2969.25(A) affidavit "at the time" he commenced the action. As the timing requirement for filing of the affidavit in R.C. 2969.25(A) is unequivocal, there is nothing unreasonable, arbitrary or unconscionable about the trial court's refusal to grant leave to amend appellant's petition, particularly since his motion to amend was based not upon any "new matters sought to be pleaded," but rather was only made to correct his failure to comply with a statutory requirement collateral to his petition. Allowing inmates to correct this statutory non-compliance by subsequent amendment to their petitions would judicially rewrite R.C.2969.25(A). Such amendment is solely within the purview of the Legislature.
 {¶ 49} Therefore, the judgment of the Trumbull County Court of Common Pleas should be affirmed.
 JUDGMENT ENTRY
Pursuant to an error of this Court's Opinion released on December 23, 2004, it is ordered, sua sponte, that the entire attached opinion be substituted.
The Clerk of Courts is instructed to substitute the entire Opinion of this Court's December 23, 2004 Opinion with the attached Opinion.