OPINION
{¶ 1} Eugene Collins appeals from an order of the Montgomery County Court of Common Pleas, which overruled the motion of Janice E. Dice, Thelma Hinders, and Collins to amend the complaint to include claims by Collins against the White Family Companies ("WFC") and Nelson D. Wenrick ("Wenrick").
 {¶ 2} The factual circumstances giving rise to this appeal are as follows.
 {¶ 3} National City Bank ("National City") was the depository of monies held by Dayton Title Agency, Inc. ("DTA"), in an escrow account. DTA deposited several checks — totaling $5 million — that had been forged by a real estate broker, Krishan Chari. DTA then directed National City to issue two checks drawn on the escrow account on the provisional credit of those forged checks. Those two checks, totaling $4.885 million, were issued to WFC and Wenrick. Shortly after National City had issued and honored the two DTA checks, it learned that the checks deposited by DTA had been forged. By that time, DTA's escrow account had been drained of funds. The account had contained funds owed by DTA to Collins that were generated by a sale of his real property. DTA was forced to file bankruptcy.
 {¶ 4} Collins and a number of other individuals/entites who had suffered similar losses were unable to recover on their claims in the bankruptcy proceeding. On March 30, 2001, Collins filed a class action lawsuit against National City and various John or Jane Does, seeking to recover those funds from the bank. See Collins v. National City Bank,
Montgomery Case No. 01-CV-1641. The complaint alleged eleven claims for relief, to wit: breach of fiduciary duty, fraudulent transfer, conversion, negligence/recklessness, civil conspiracy, civil aiding and abetting, interference with business relationship and contract, common law fraud, civil RICO, violations of R.C. 1127.01 and R.C. 1127.08 with respect to banking activities, and a violation of R.C. 2307.60. National City responded by filing a motion to dismiss, pursuant to Civ.R. 12(B)(6), and a motion to strike Collins's pleadings. On March 26, 2003, the court granted the motion to dismiss, and we subsequently affirmed the dismissal. See Collins v. National City Bank, Montgomery App. No. 19884, 2003-Ohio-6893 ("Collins I"). On May 12, 2004, the supreme court declined to accept Collins's case for review.
 {¶ 5} Shortly after Collins's claims against National City had been dismissed by the trial court, the court in DTA's bankruptcy action addressed whether the money transferred to WFC and Wenrick from DTA's trust account was money held in express trust for others or was DTA's property. See Dayton Title Agency, Inc. v. The White Family Cos. (Bankr. S.D. Ohio 2003), 292 B.R. 857. The court concluded that National City's provisional loan of $4,142,151.38 to DTA (i.e., the checking account overdraft) was property of the estate and that DTA had the power to recover those assets as fraudulent transfers. Id. at 872. It was undisputed that $722,101.49 of the $742,848.62 which existed in the trust account at the time of the transfers to WFC and Wenrick were third party funds held by DTA in trust. Id. at 869-70. Because these funds were held in trust, DTA lacked the authority to recover those funds as fraudulent transfers. (The court also found that a genuine issue of material fact existed as to the ownership of $20,747.13 that existed in the account at the time of the transfer to WFC and Wenrick.) As to the funds held in trust, the bankruptcy court noted that "the more than thirty (30) third party beneficiaries, who are claimants in Dayton Title's bankruptcy, are not without remedy. As noted in [Stevenson v. J.C. Bradford Co. (In reCannon) (C.A.6 2002), 277 F.3d 838], the beneficiaries of funds held in an escrow account may pursue their own cause of action against Defendants WFC and Wenrick in state court. 277 F.3d at 856. Although the overall effect of requiring these thirty (30) or more beneficiaries to pursue their own causes of action in state court creates a multiplicity of suits, this result is necessitated by Cannon and the limits of the bankruptcy court's authority." In re Dayton Title Agency, 292 B.R. at 870, n. 5.
 {¶ 6} Consequently, on July 16, 2003, Janice E. Dice and Thelma Hinders filed this class action lawsuit in the Montgomery County Court of Common Pleas against National City and WFC. Dice v. National City Bank,
Montgomery Case No. 03-CV-4967. Wenrick was named as a necessary party, but no claims were asserted against him. National City and WFC both filed motions to dismiss the class action lawsuit. On January 12, 2004, the trial court granted National City's motion, relying upon Collins I. On the same date, the court overruled WFC's motion to dismiss. As part of its decision, the court ordered Dice and Hinders to file any claim they may have against Wenrick by February 2, 2004.
 {¶ 7} On January 23, 2004, Dice and Hinders sought leave to file an amended complaint, which asserted claims against Wenrick but also included Collins as a named plaintiff and brought claims against Timothy White individually. The defendants filed a motion to strike the amended complaint. On March 30, 2004, the trial court overruled the motion for leave to amend the complaint and sustained the defendants' motion to strike, reasoning (1) that the addition of Collins had not been permitted by the court, and (2) that Collins had already filed an action against National City and his claims "have been raised in an independent action."
 {¶ 8} After Collins was denied permission to join Dice's and Hinders' action, Collins filed a motion in his prior action, seeking to add his claims against Wenrick and WFC. That court denied the motion for want of jurisdiction.
 {¶ 9} Collins appealed from the denial of the motion for leave to amend the complaint. WFC moved to dismiss the appeal for lack of a final appealable order. We concluded that the order was final under R.C. 2502.02, but that the order had not met the requirements of Civ.R. 54(B). We remanded the action to the trial court for the limited purpose of providing Collins the opportunity to request Civ.R. 54(B) certification for the March 30, 2004, order. On January 3, 2005, the trial court granted Collins's motion for certification as a final appealable order. It also clarified its March 30, 2003, order, stating:
 {¶ 10} "The Court of Appeals Decision and Entry filed October 26, 2004, indicates that `the trial court's Order essentially dismissed the appellant as a party to the action.' This Court is of the opinion that the party (Collins) never was a party to this action. This action began as an action by Janice Dice and Thelma Hinders against National City Bank, White Family Companies and Nelson Wenrick. [A]lthough Wenrick was named as a Defendant[,] [n]o specific allegations were made against Nelson Wenrick. On January 12, 2004, the Court granted National City Bank's Motion to Dismiss and ordered Plainitffs [to] file their claims, if any, against Nelson Wenrick by February 2, 2004. Instead, Plaintiffs filed an Amended Complaint and ADDED Eugene Collins as a Plaintiff and ADDED Timothy White as a Defendant. These new parties were added without leave of Court to do so. Accordingly, the Court struck the Amended Complaint because Eugene Collins and Timothy White personally were never properly parties to this action. NOTHING THEN, AND NOTHING NOW WOULD PREVENT PLAINTIFF COLLINS FROM FILING AN ORIGINAL COMPLAINT IN THE CLERK OF COURT['S] OFFICE AGAINST WHITE FAMILY COMPANIES, TIMOTHY WHITE OR NELSON WENRICK, OR ANYONE ELSE THAT HE DESIRED.
 {¶ 11} "This Court also recognizes that as of the March 30, 2004, Decision, Collins had filed a claim against National City Bank which had been assigned [to another judge]. Collins's Complaint was dismissed by [that judge] and that was affirmed on appeal. * * * That case was still on appeal to the Ohio Supreme Court as of the March 30, 2004, Decision. Not until May 12, 2004, in Supreme Court Case No. 2004-0233, did the Supreme Court of Ohio not accept jurisdiction of that appeal. Had the Supreme Court accepted jurisdiction and reversed, Collins's case would have been returned to [the] docket.
 {¶ 12} "The Court was aware that the Collins v. National City Bank
case did not include Defendants White Family Companies, Nelson Wenrick or Timothy White. However, Collins could have filed claims against those Defendants at any time. If he had, then the assignment of that case would have been subject to the random assignment method or it would have been assigned to [the judge in Case No. 01-CV-1641] as a related case. Thereafter, whether any new Collins case would have been consolidated or transferred to any other Judge would have been subject to the administrative workings of the Court. To allow Plaintiff Collins to join, without leave, in the claims by Dice and Hinders, avoids the routine assignment system and allows Plaintiffs to forum shop. The Common Pleas Court has had occasions where multiple claims of individual Plaintiffs have been filed, assigned to various Judges, and then some of them dismissed and later refiled so that they would all be reassigned under the then lowest case number to a Judge of Counsel's choosing. Ultimately, the instant case assignment may wind up in the same place but it would only be after being subject to the routine assignment, transfer or consolidation process."
 {¶ 13} After being informed of the trial court's entry, we granted Collins's request to amend his notice of appeal to include the January 3, 2005, order. Collins subsequently filed a Motion to Sustain Objections and Arguments of Appellant Eugene Collins and Notice of Supplemental Authority and Appellant Arguments as to Trial Court's January 3, 2005 Decision. WFC and Wenrick have moved to strike that motion, arguing that such a motion is not permitted by the Appellate Rules and that it does not add any substantive argument to the issue on appeal. We agree that Collins's motion does not provide additional substantive arguments to the issue on appeal, and that it was not properly filed. The motion will be stricken.
 {¶ 14} Collins raises one assignment of error on appeal.
 {¶ 15} "The trial court erred by wrongfully attempting to transfer mr. collins' claims to another judge."
 {¶ 16} In his assignment of error, Collins claims that the trial court mistakenly stated that his claims "have been raised in an independent action." He further asserts that the court's March 30, 2004, order operated as a transfer of his claims against WFC and Wenrick and that such a transfer was void under Ohio law. Collins states: "It is well settled in Ohio that the power to transfer a case from one judge to another within a multi-judge court is the sole prerogative of the administrative judge of that court." (Citation omitted.) Collins requests that his claims be returned to the trial court for further proceedings.
 {¶ 17} Upon review of the record, gt is apparent that the court did not transfer Collins's claims to Case No. 01-CV-1641. Because the court denied the motion for leave to file the amended complaint and struck that proposed amended complaint, Collins's claims were never filed. In other words, there were no claims by Collins against WFC and Wenrick to transfer from Case No. 03-CV-4967 to Case No. 01-CV-1641.
 {¶ 18} Although Collins focuses on the alleged wrongful transfer of his claims against WFC and Wenrick, he also asserts that the "genesis" of this appeal is the court's "denial of jurisdiction" over his claims against WFC and Wenrick. Indeed, the order denying the motion to amend is the order from which he has appealed. Accordingly, we turn to whether the court properly denied the filing of the amended complaint.
 {¶ 19} Civ.R. 15(A) provides:
 {¶ 20} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"
 {¶ 21} "The trial court should construe motions to amend in favor of the movant to allow the plaintiff to save the cause of action, and the granting of leave should not be withheld absent good reason." Schaefferv. Nationwide Mut. Ins. Co., Greene App. No. 2001-CA-131, 2002-Ohio-4811, ¶ 33; see Solowitch v. Bennett (1982), 8 Ohio App.3d 115, 456 N.E.2d 562.
 {¶ 22} We review the denial of a motion to amend a complaint for an abuse of discretion. King v. Cashland, Inc. (Sept. 1, 2000), Montgomery App. No. 18208. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140; State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, at ¶ 75.
 {¶ 23} As stated supra, in overruling the motion to amend the complaint and in granting the defendants' motion to strike, the trial court first noted that the addition of Collins as a party-plaintiff (and of Timothy White as a defendant) had not been permitted by the court in its January 12, 2004, order. It further stated that "[t]he Court, in its discretion, will not allow the Plaintiffs to join Mr. Collins as an additional plaintiff in this case as his claims have been raised in an independent action," i.e., his prior lawsuit against National City.
 {¶ 24} Under the January 12, 2004, order, Dice and Hinders were required to file their claims against Wenrick by February 2, 2004. In the motion for leave to file the amended complaint, the plaintiffs acknowledged that they were attempting to comply with this order by filing claims against Wenrick. They further stated:
 {¶ 25} "In addition to allowing Plaintiffs to comply with the order of the Court, as stated above, the attached Amended Complaint adds another Plaintiff, Eugene Collins, who is one of the similarly situated persons referred to in Plaintiffs' original Complaint. Thus, granting plaintiffs leave to file their Amended Complaint will serve the interests of justice and judicial economy by allowing all three Plaintiffs listed in the Amended Complaint to litigate their claims in a single case.
 {¶ 26} "Thus Plaintiffs respectfully move this Honorable Court for leave to amend their Complaint by filing the attached Amended Complaint."
 {¶ 27} A reading of the motion makes clear that the plaintiffs recognized that their proposed amended complaint exceeded the scope of the January 12, 2004, order. More importantly, they were requesting permission from the trial court to file such a complaint, and they provided justifications for their request. The plaintiffs were not precluded from making such a motion, and the filing of that motion was the proper avenue to request permission to exceed the scope of the court's order. We do not find the fact that the court had not previously granted such permission sua sponte to be a reasonable justification for denying a subsequent meritorious motion to join Collins.
 {¶ 28} We also do not find the fact that Collins had previously filed suit against National City to be a reasonable basis for denying the motion to file the amended complaint. As recognized by the trial court in its January 3, 2005, ruling, "the Collins v. National City Bank case did not include Defendants White Family Companies, Nelson Wenrick or Timothy White." Accordingly, Collins's action against NCB had no preclusive effect on his claims against Wenrick and WFC.
 {¶ 29} Finally, we find no logical basis to deny the motion on the ground that Collins could have filed his claims in a separate action. This action was brought as a class action with Dice and Hinders as the named representatives. In their original complaint, Dice and Hinders alleged that "there is a well-defined group, composed of those other individuals who possessed funds deposited in the DTA IOTA account, who could be construed to compose a class for the purposes of a class action. Those persons are listed in the documents attached as Exhibit 2." It appears undisputed that there were numerous individuals and entities who had suffered losses due to the transfer of third party funds held by DTA in trust to WFC and Wenrick .
 {¶ 30} In their motion for leave to file the amended complaint, the plaintiffs indicated that Collins is a representative member of the prospective class. Addressing all of the claims — including Collins's claims — in one action would appear, at first blush, to be the more economical and less costly avenue to pursue these claims. Considering that there were only two named representatives of the proposed class (and we note that a suggestion of Hinder's death had been filed on February 27, 2004), we find no reasonable basis to require Collins to file a separate lawsuit rather than to join in the class action as a named representative.
 {¶ 31} Moreover, even if certification of the class were to be denied in the future, we see no basis to deny the request to join Collins as a party-plaintiff under Civ.R. 20(A). Permissive joinder is premised on the principle that the parties could have sued or been sued separately yet, in the interest of judicial economy, joinder is preferable. City of Elyriav. Colonial Oaks Comm. Corp. (Oct. 22, 1986), Lorain App. No. 4057; see also United Mine Workers v. Gibbs (1966), 383 U.S. 715, 724, 86 S.Ct. 1130,16 L.Ed.2d 218 ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); State of Ohio v. Louis Trauth Dairy, Inc. (S.D. Ohio 1994), 856 F.Supp. 1229 ("Joinder promotes judicial economy, trial convenience and expedites the final determination of disputes.").
 {¶ 32} As with Dice and Hinders, Collins alleged that the proceeds from the sale of his home were placed in the DTA trust account and that he was unable to retrieve the money from DTA. Dice, Hinders and Collins each alleged that they were put "in dire economic straits" due to "the lack of the money from the sale of [the] home." In light of the liberal construction that Civ.R. 20(A) is afforded, joinder is proper under that rule.
 {¶ 33} In its January 3, 2005, order, the trial court expressed concern over "forum shopping" among the judges. Although we understand the court's frustration over this practice, the record does not support those concerns in this case.
 {¶ 34} Wenrick argues that the court properly denied leave to file the amended complaint, because Collins's claims were asserted beyond the statute of limitations period. He states: "Most of the claims brought by Plaintiffs, including the claim for conversion (O.R.C. § 2305.09), fraudulent transfer (O.R.C. § 2305.09) and interference with a business relationship (O.R.C. § 2305.09), have four-year statute[s] of limitations. The Motion for Leave to File the Amended Complaint was not filed until January 23, 2004, therefore, Appellant, as well as the Plaintiffs, are well beyond the applicable statute of limitations."
 {¶ 35} "Leave to amend a complaint may be properly denied where the complaint which the party seeks leave of court to file would be subject to a motion to dismiss." First Bank of Marietta v. Mitchell (Nov. 29, 1983), Washington App. No. 82x5, 82x14; see McGlothin v. Liberty SheetMetal Co. (Apr. 8, 1991), Butler App. No. CA90-11-218 (denying the motion to amend a complaint where the new claims were superfluous, untimely raised, or outside of the court's jurisdiction).
 {¶ 36} In its March 30, 2004, decision, the trial court denied leave to assert claims against Timothy White on the ground that the statutes of limitations had run on all of the claims against him, except for the RICO claims. The court reasoned:
 {¶ 37} "* * * The ripe causes of action accrued in October 1999. The Plaintiffs, having filed their amended complaint on January 23, 2004, have filed these claims well beyond the four year period. The Plaintiffs do not dispute the applicable statute of limitations, but argue that the discovery rule applies in this case to toll the statutes of limitations on their claims until April 25, 2003 when the Bankruptcy Court issued a decision on several cross motions for summary judgment in In Re DaytonTitle Agency, Inc. v. White Family Companies, Inc. Even if the Court were to accept this argument, the Plaintiff has failed to explain why the claims against Timothy White were not filed in the original complaint filed in July 2003, almost three months after the Bankruptcy Court decision and why they seek to add these claims now almost ten months later." The court also found no basis for the RICO claim against White, citing Collins I.
 {¶ 38} Although the court clearly addressed the untimeliness of Dice's and Hinders's claims against Timothy White, the trial court did not address the viability of Collins's claims against WFC and Wenrick, and it did not deny the joinder of Collins on that basis. We decline to do so in the first instance. Defendants may raise the statute of limitations defense in a motion to dismiss or a motion for summary judgment.
 {¶ 39} The assignment of error is sustained.
 {¶ 40} The order of the trial court will be reversed, to the extent that it denied the joinder of Collins. In all other respects, the order will be affirmed.
 {¶ 41} Collins' Motion to Sustain Objections and Arguments of Appellant Eugene Collins and Notice of Supplemental Authority and Appellant Arguments as to Trial Court's January 3, 2005, Decision will be stricken.
 {¶ 42} The cause will be remanded for further proceedings.
Young, J., concurs.
Grady, J., concurs in judgment only.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).